State v. Traction & Light Co.

and that the plaintiff has no cause of action and that the plaintiff has not the legal capacity to bring this action. Therefore, the general demurrer is sustained on the ground that the petition does not state facts sufficient to constitute a cause of action, and the special demurrer that the plaintiff has not the capacity to bring the action is also sustained.

In the event that the plaintiff does not desire to plead further by amendment, the petition of the plaintiff will be dismissed at the cost of the plaintiff. Exceptions may be noted.

**Shields** and **Powell, JJ.,** concur.

---

## COMPENSATION AND SALARIES—COUNTIES.

[Guernsey (7th) Court of Appeals, April Term, 1913.]

Metcalfe, Norris and Pollock, JJ.

E. D. STONE v. STATE EX REL. ENOS, PROS. ATTY.

**County Commissioners on Quadrennial Board of Equalization Entitled to Additional Compensation of Three Dollars per Day.**

County commissioners while serving as members of the quadrennial county boards of equalization are entitled to the compensation allowed by Gen. Code 5597 as amended 102 O. L. 279.

[Syllabus by the court.]

ERROR to common pleas court.

**METCALFE, J.**

Plaintiff is a member of the board of county commissioners of Guernsey county. While serving on the board of equalization Stone drew the *per diem* compensation provided by Gen. Code 5597, for services rendered as a member of that board. It is claimed that county commissioners while serving as members of county boards of equalization are not entitled to the additional compensation provided by that section, and that the only compensation to which they are entitled is that provided by Gen. Code 3001 which fixes their annual salaries. This suit was brought by the prosecuting attorney to recover back the amount paid Mr. Stone as such member of the board of

equalization, and judgment was rendered against him in the common pleas court, and he prosecutes error here.

The whole question depends uqon the proper construction of the sections of the general code above referred to. The annual board of equalization was created by R. S. 2804 and 2813a provided for the compensation of the members. R. S. 897 fixed the annual salaries of the county commissioners, and R. S. 897-2 provides that the compensation fixed by R. S. 897 "shall be in full payment of all services rendered as such commissioner." Rev. Stat. 2813a provides that each member of the county board of equalization shall be entitled to receive for each day necessarily employed in the performance of his duties, including his duties as a member of the board of revision, the sum of three dollars. Rev. Stat. 2813 provides that the auditor, surveyor and commissioners shall compose the county board of equalization. So that before the adoption of the general code R. S. 897 fixed the commissioners' annual salaries, and R. S. 897-2 provided that the salaries so fixed should be in full payment for all services rendered as commissioner, while R. S. 2813a gave to the commissioners, as members of the county board of equalization an additional compensation of three dollars per day. The provision of R. S. 897 fixing the annual salaries and the provision of R. S. 897-2 that such compensation should be in full for all services rendered as commissioner we find were inserted in those sections by amendment subsequent to the enactment of R. S. 2813a, and we are inclined to think that under the rule in *Thorniley* v. *State*, 81 Ohio St. 108 [90 N. E. Rep. 144], operated to repeal that section by implication. However that may be on February 14, 1910 the general assembly adopted the general code which is a compilation and revision of the laws in force at that time. The work which Mr. Stone did, and for which he received the compensation which is sought to be recovered from him in this action was after the passage of the general code, and the amendments hereafter referred to. In the general code R. S. 897 and 897-2 were reenacted as Gen. Code 3001; and R. S. 2813a was reenacted as Gen. Code 5597. It is undoubtedly the

Stone v. State.

rule that where there is a general revision of statutes and existing provisions which may be in conflict are reenacted simply as part of a scheme of codification that they shall receive the same construction as they would have received before the revision, so that if there had been no further action of the general assembly with regard to these particular sections excepting their reenactment as parts of the general code we think we would be required to hold that R. S. 2813a was repealed by implication, but after the enactment of the general code these sections were again taken up by the general assembly and various amendments made thereto.   In 102 O. L. 514, Gen. Code 3001 was repealed and reenacted with some slight amendments. On May 31, 1911, 102 O. L. 198, Gen. Code 5597 was so amended as to give to the county surveyor, while acting as a member of the quadrennial board of equalization five dollars per day, and to each member of the board his actual necessary expenses incurred in the performance of his duties as member of such board; and the provision for the payment of a *per diem* of three dollars was left out, and the original section repealed, making by this amendment a complete change with regard to the compensation of members of such board.   Again, in 102 O. L. 279, Gen. Code 5597 was reenacted with the provision giving to members of the boards of equalization three dollars per day for their services as members of that board restored as the section originally stood.   It is our duty to ascertain, if possible, in construing these statutes, the meaning of the lawmakers.   A familiar rule of interpretation is thus stated in 26 Am. & Eng. Enc. Law 216 "where there is in the same statute a particular enactment and also a general one which in its most comprehensive sense would include what is embraced in the former the particular enactment must be operative and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment."   As the law now stands we have one section of the general code providing that the salaries of the county commissioners shall be full compensation for all services rendered by them as county commissioners.   We have two sections

both bearing the same number and both enacted on the same day, one of which provides a *per diem* for the surveyor and for the payment of the necessary expenses of all members of the board, while the other section of the same number provides for a compensation of three dollars a day for each member of the board. It will not help in the interpretation of these statutes to criticize the apparent carelessness with which they seem to have been so complicated. We must suppose that the legislature did not intend to do an unreasonable thing, that it had an object in view in amending and reenacting these sections. We must presume that the legislators had knowledge of the provisions of Gen. Code 3001 and amended Gen. Code 5597. If the legislature did not intend that the members of the county boards of equalization should receive the compensation for their services provided by Gen. Code 5597 what possible object could they have had in mind in reenacting that section in its original form after it had been repealed and amended with the provision for the compensation of the members of the board left out? It it reasonable to suppose that the intention was to provide extra compensation for the extra labor imposed upon the commissioners as members of the boards of equalization. It either means this, or it is a nullity, and it is not a just presumption to assume that the general assembly simply legislated for the sake of legislating and intending that its work should be meaningless. We think that under the provision of Gen. Code 5597 as amended 102 O. L. 279 that the commissioners are entitled to the compensation therein allowed. Whether this section repeals Gen. Code 5597 as amended 102 O. L. 198 by implication, or what effect it has on that section we are not called upon to determine.

The judgment of the common pleas court is reversed.

**Norris** and **Pollock, JJ.,** concur.