## ARE SHERIFFS BOUND TO ACCOUNT FOR PROFITS ARISING FROM FEEDING PRISONERS.

Court of Appeals for Cuyahoga County.

STATE OF OHIO, EX REL FRANK F. GENTSCH, v.
A. J. HIRSTIUS ET AL.*

Decided, July, 1915.

*Office and Officer—Construction of the Salary Act with Reference to Profits Arising to the Sheriff from Feeding Prisoners—Sections 2996, 2997, 3046 and 2850.*

There is no claim or obligation resting upon a sheriff to account for or pay over to the county or state the amount received by him for keeping and feeding prisoners during his term of office in excess of the actual cost of so doing.

*F. F. Gentsch* and *F. W. Green,* for plaintiff in error.
*D. E. Morgan,* contra.

CARPENTER, J.

Error to the court of common pleas.

This action was brought in the common pleas court by Frank F. Gentsch, Esq., on the relation of the state (the county prosecutor having refused to institute the same) to recover from the defendant, A. J. Hirstius, the sum of $46,741.25 with interest, by reason of the same being the amount in excess of the actual cost of keeping and feeding the prisoners as provided by law during the time which he was sheriff of this county.

It is claimed by the plaintiff that Section 2996 of the General Code absolutely limits the compensation to $6,000 per year which the sheriff can receive from all sources.

The question of law, therefore, is: Does the law create an obligation upon the defendant to return to the treasury of the state the sum of $46,741.25. By reason of the demurrer to plaintiff's petition, the defendant's construction admits that such sum was his net profit.

*Affirming State, ex rel Gentsch, v. Hirstius, 15 N.P.(N.S.), 505.

Section 2996 is a portion of the salary law, so-called, enacted by the General Assembly on the 22d day of March, 1906, and took effect January 1st, 1907. This statute fixed the salaries of probate judges, county auditors, treasurers, recorders, clerks of the common pleas court and sheriffs. Following immediately the section relating to the salary which each of the foregoing officers shall receive, Section 18 of the act, now 2996 of the General Code, is as follows:

"And said salaries shall be in lieu of all fees, costs, penalties, percentages, allowances and of all other perquisites of whatever kind which any of the officials herein named may now collect and receive, provided, however, that in no case shall such *annual salary* payable to any of the officers aforesaid exceed the sum of $6,000."

Section 19 of the act provides as follows:

"The county commissioners shall, *in addition to the compensation* and *salary* herein provided, make allowances quarterly to every sheriff for keeping and feeding *prisoners* under Section 1235 of the Revised Statutes, and shall allow his actual and necessary expenses incurred or expended in pursuing or transporting persons accused or convicted of crimes and offenses, in conveying and transferring persons to and from any state asylum for the insane, the institution for feeble minded youth, etc., etc., and all expenses of maintaining horses, etc., necessary to the proper administration of the duties of his office. Every sheriff shall file under oath with the quarterly report herein provided for a full, accurate and itemized account of all his actual and necessary expenses, mentioned in this section, before the same shall be allowed by the *county commissioners.*"

The foregoing sections, 18 and 19, became Sections 2996 and 2997, respectively, upon the revision of the statutes in 1912. Slight grammatical changes were made in the provision. The words *"Section No. 1235 of the Revised Statutes"* were omitted, and the words "as provided by law" were substituted instead in the revision.

It is claimed that these two sections should be construed together, and also in connection with the entire statute, to the end

that it may harmonize with the intent of the Legislature of placing all of the officers upon a fixed and stated salary, and that in any event none of said officers should be paid more than $6,000. But it will be observed that the limitation of $6,000 applies to the annual salary, for the statute provided that in no case shall the *annual salary paid any officer exceed $6,000.*

The words "compensation" and "salary" have reference to two distinct things. Compensation evidently with reference to the actual expenditures made by the sheriff in the discharge of specified duties, while salary is limited to the amount to be paid annually.

It will also be noted that in every case where expenditures are authorized, the terms "actual or necessary" or, "actual and necessary," are used; and it also provided at the close of Section 2997: "Each sheriff shall file under oath with the quarterly report herein provided, a full, accurate and itemized account of all his actual and necessary expenses, including railroad fare, street car fare and livery hire mentioned in this section, before they shall be allowed by the commissioners." It will also be noted that no such restriction or requirement in reference to actual expenditures in keeping and feeding prisoners is provided in the statute, and that such is only required where the same is specifically authorized and report of same required.

This is a significant fact in arriving at the construction of this law. It is almost equivalent to saying that the sheriff shall not be required to keep and render an account of his expenditures in keeping and feeding prisoners. But the plain statement at the outset of Section 19 is of much greater significance, for it says: "The county commissioners shall, *in addition* to the *compensation* and *salary* herein provided, make allowances quarterly to every sheriff for keeping and feeding prisoners, as provided under Section 1235 of the Revised Statutes." This statute, which is now 2850 of the General Code, provides that "The sheriff shall be allowed by the county commissioners not less than 45 nor more than 75 cents per day for keeping and feeding prisoners in jail, but in any county in which there is no infirmary, the county commissioners, if they think it just and necessary, may

allow any sum not to exceed 75 cents each day for keeping and feeding any idiot or lunatic. The sheriff shall furnish at the expense of the county to all prisoners confined in jail, except those confined for debt only, fuel, soap, disinfectants, bed clothing, washing and nursing when required, and other necessaries as the court, in its rules, shall designate.''

Section 3046 of the General Code provides that ''on the first Monday of September of each year, each county treasurer, recorder, sheriff, etc., shall make returns under oath to the county auditor of the amount of fees and moneys received by them or due them during the year next preceding the time of making the return.'' There are other sections which provide for reports by the sheriff of moneys received or collected by him, but in none of them is a report required of him of any expenditure of or connected with the keeping and feeding of prisoners.

With these sections of the statute before us, what construction should there be given to said Section 19, now Section 2997 of the General Code? This section provides, in substance, that in addition to the compensation and salary herein provided, the county commissioners shall make allowances quarterly to each sheriff for keeping and feeding prisoners at a rate or price of not less than 45 cents nor more than 75 cents per day. In this case a rate was made of 50 cents per diem.

There is no ambiguity in the language of these two sections, and consequently they do not call for judicial interpretation. In other words, they mean exactly what they say, viz., that the allowances made by the commissioners are in addition to the compensation and the salary allowed by the statutes preceding. The general rule of law is ''that where there is in the same statute a particular enactment and also a general one which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment'' (26 Am. & Eng. Enc., 216). This is the rule applied in the case of *Stone* v. *State of Ohio*, 18 C.C. (N.S.), 246, which is quite similar to the case at bar, where the court say:

"It will not help in the interpretation of these statutes to criticize the apparent carelessness with which they seem to have been so complicated. We must suppose that the Legislature did not intend to do an unreasonable thing, that it had an object in view in amending and re-enacting these sections."

Furthermore, it is to be borne in mind that the Legislature, by the enactment of Section 2850, gave full authority to the commissioners to allow not less than 45 nor more than 75 cents per day for keeping and feeding prisoners. It is a general rule of law that a court has no power to control the discretion which is given by the Legislature to another body, such as a town or city council, school board and even commissioners; and should we in the case at bar hold with the plaintiff, we should be guilty of controllng their discretionary power, and in effect fixing the rate which the sheriff should charge per diem. The Legislature has delegated to the commissioners the power and duty to fix the rate for keeping and feeding the prisoners, and specifically limits their discretion to an amount of not less than 45 nor more than 75 cents per day. Relief from the provisions of this statute manifestly should come from the Legislature and not from this court, regardless of our own opinion as to whether it is a good or bad law.

This statute was passed in 1906, about nine years ago. It has been recognized by the authorities of the state and county auditors, treasurers and public accountants; attorney-generals have held in favor of the sheriffs. The Legislature has not seen fit to change it, and it is a general rule that the practical construction given a doubtful statute by the state or officers whose duty it is to carry it into execution is entitled to great weight, and will not be disregarded or overturned except for cogent reasons and unless it is clear that such construction is erroneous. Southerland Statutory Construction, Section 472 and 474. *Dutout* v. *Doyle,* 16 U. S., 400-407; *State* v. *Aikens,* 18 C. C., 349.

The question of feeding the United States and city prisoners is of more difficult solution. We are satisfied with the views expressed by Judge Estep in his opinion upon overruling the demurrer in this case, as follows:

"Having already held that in the matter of feeding state prisoners the sheriff is not required to account to the county or state for the allowances made to him quarterly by the county commissioners, can it be fairly said that in this respect the Legislature intended to distinguish between state, federal and city prisoners? Was it intended by the Legislature that he should pay into the county treasury the amounts received for feeding federal and city prisoners, and retain the amount received for feeding state prisoners? If we are right in the conclusion that the sheriff may retain the allowances made to him for feeding state prisoners, it appears to me that it logically follows that it was never intended by the Legislature to classify in this respect the prisoners committed to his custody and therefore require him to feed city and federal prisoners at his expense. It is reasonable to say that the county and state having been put to no expense in regard to subsisting these prisoners, and incurring no liability in relation thereto, the sheriff should be required to pay into the treasury of the county the amounts received by him from the federal and city authorities in payment for the expenses he has incurred in subsisting these prisoners? In other words, is it a reasonable construction to place upon these statutes, which would result in holding that the sheriff must subsist these prisoners at *his own expense?*

"The only reason why this money received by the sheriff from the federal and city authorities should be turned into the county treasury is that the salary act, Section 2977, provides that all fees, allowances and other perquisites collected and received by law, as compensation for services, shall be for the sole use of the treasury of the county in whch they are collected. The question, therefore, presents itself as to whether or not these amounts received by the sheriff for subsisting federal and city prisoners are allowances or perquisites collected or received by law. In my opinion the fees, allowances and perquisites referred to in Section 2977 and Section 2996 of the code do not refer to any fees, allowances or perquisites except such as are fixed by law for services and duties imposed by law upon the sheriff. All these fees, etc., are to be collected by him and paid into the county treasury. These fees, allowances, etc., are fixed by Sections 2845-6 *et seq.* of the Code. The duty of subsisting federal and city prisoners not being imposed upon the sheriff by law, and any sum he may receive for such subsistence not being fixed by law, but his compensation arising only from contract, I am of the opinion that under the provisions of the salary act he is not required to turn said moneys into the county treasury. This

must be so, or else we are bound to conclude that he must render this service for nothing. Should the court place a construction on these statutes which would lead to this absurd consequence and do an injustice to the defendant, when state and county have incurred no expense or liability in relation to such prisoners?

"In the case of *Moore* v. *Given*, 39 O. S., 661, the law is stated in the first syllabus: 'It is the duty of the courts, in the interpretation of statutes, unless restrained by the letter, to adopt that view which will avoid absurd consequences, injustice or great inconvenience, as none of these can be presumed to have been within the legislative intent.'"

For these reasons we are constrained to hold that there is no obligation resting upon the defendant to account for or to pay over to the county or state the amount of money received by him for keeping and feeding prisoners during his term of office in excess of the actual cost for so doing, and therefore affirm the judgment of the court of common pleas.

SPENCE, J. (sitting in place of Meals, J.), concurs; GRANT, J., dissents.