NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-1337 & 13-1338
_____

UNITED STATES OF AMERICA

v.

DARRELL WILLIAMS
a/k/a
D-NICE

Darrell Williams,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Nos. 2-97-cr-00241-002, 2-97-cr-00386-001)
District Judge:   Honorable Legrome D. Davis
_____

Argued on May 20, 2014

Before:   McKEE, *Chief Judge*, CHAGARES and NYGAARD, *Circuit Judges*

(Opinion Filed: January 16, 2015)

James V. Wade, Esq.
Frederick W. Ulrich, Esq.          [ARGUED]
Office of the Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
        *Counsel for Appellant*

Zane David Memeger, Esq.
Robert A. Zauzmer, Esq.
Bernadette McKeon, Esq.          [ARGUED]

Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
    *Counsel for Appellee*

_____

OPINION

_____

McKEE, *Chief Judge*.

Darrell Williams appeals the sentence imposed following his supervised release violations. For the reasons expressed below, we will vacate the judgment of sentence and remand for resentencing. Because we are remanding, we need not consider the claim that the district court violated Williams' Fifth Amendment right in considering Williams' silence for purposes of remorse or contrition.

**I.**

On May 29, 1997, a grand jury indicted Williams and others on five separate counts that included conspiracy to interfere with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951; Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Crim. No. 97-241). Williams pled guilty to those charges.

Thereafter, an information was filed charging Williams with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and one count of using and carrying

a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Crim. No. 97-386).  Williams also pled guilty to those charges.

At the consolidated sentencing hearing on July 23, 1998, Judge Newcomer pronounced sentence as follows:

> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant Darrell Williams is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 151 months on each of counts 1, 2 and 4 of 97-241-02 and Counts 1 and 2 of 97-386-01, to be served concurrently.  The Court further sentences the defendant to a term of 60 months on Count 3 of 97-241-02 to be served concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for *a term* of five years.

App.56 (emphasis added).  The written judgment, however, provided that "[u]pon release from imprisonment, the defendant shall be on supervised release for a term of 5 years . . . . on counts 1, 2, and 3 to run concurrently with each other and to run concurrently with 97-241-02."  Supp. App. 3.

Two years after Williams began serving his supervised release term, his probation officer filed a petition alleging that Williams had violated the terms of his supervised release.  Williams did not contest the violations. At the revocation hearing, Judge Davis imposed two sentences of imprisonment for the supervised release violations, twenty-four months for 97-241 and twenty-four months for 97-386.[1]  App. 77.  This appeal followed.[2]

## II.

Williams argues that the district court erred in imposing two sentences of imprisonment for his supervised release violations.  Williams maintains that since his

---

[1] Williams' case was transferred to Judge Davis because Judge Newcomer passed away while Williams was in prison.

[2] This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

original sentence only included one term of supervised release, Judge Davis could not legally impose multiple sentences for violation of that single term of supervised release.

Since Williams did not object to the imposition of two sentences of imprisonment at the revocation hearing, we review for plain error. See FED. R. CRIM. P. 52(b).[3] In order to establish plain error, Williams must show: (1) error, (2) that is plain and (3) that affects substantial rights. If all three conditions are met, we may exercise our discretion to address the error if, (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461,467, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997).

This case is analogous to *United States v. Dillon*, 725 F.3d 362 (3d Cir. 2013). There, Dillon received a 322-month term of imprisonment: 262 months for Counts 1 and 4, 60 months for Count 2 and a five-year supervised release term. *Dillon*, 725 F.3d at 363. The written judgment also included a five-year term of supervised release. *Id.* Dillon ultimately violated the terms of his supervised release and the court sentenced

---

[3] Since we conclude that Judge Davis' sentence was not authorized by law, we reject the Government's claim that Williams waived his right to appeal the sentence by failing to object when the sentence was imposed. *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (concluding that "waivers are not absolute . . . . [f]or example, defendants cannot waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement."). *See also United States v. Thornsbury*, 670 F.3d 532, 539–40 (4th Cir. 2012) (distinguishing sentences imposed beyond the authority of the district court and sentences imposed "that ha[ve] been touched by legal error" and finding that the former cannot be waived while the latter can be given waiver effect); *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (concluding that "[a]n appeal waiver will not apply if . . . the sentence violates the law"); *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003) (en banc) (reaffirming *DeRoo* and finding "the illegal exception to the general enforceability of an appeal waiver is an extremely narrow exception.").

Dillon to a total of 24 months of imprisonment: one month for Count 1, eleven months for Count 2 and twelve months for Count 4. *Id.* at 365. The court also sentenced Dillon to a total of 59 months of supervised release: 59 months for Count 1, 25 months for Count 3 and 48 months for Count 4. *Id.*

On appeal, Dillon argued "that his original 1993 sentence included a single term of supervised release, not three concurrent terms, and that the District Court therefore committed plain error when it revoked his supervised release in 2012 and imposed three (consecutive) terms of imprisonment and three (concurrent) terms of supervised release." *Id.* We agreed. We explained that, "[i]n 1993, when the District Court sentenced Dillon to 'a term' of supervised release, it capped the number of supervised release terms it could revoke at any future proceeding at one." *Id.* at 368. Thus, if "a district court's sentence includes 'a term' of supervised release, the court may not sentence the defendant to multiple terms of reimprisonment and/or supervised release upon a subsequent revocation of supervised release." *Id.* Accordingly, "[t]he District Court's error was 'plain' because the language of the 1993 sentence—'a term of five years'—was unambiguous." *Id.*

Williams' case differs from *Dillon* in one regard. Here, the oral pronouncement of sentence differed from the written judgment. However, that is a distinction without a difference because the oral pronouncement must control. *United States v. Faulks*, 201 F.3d 208, 211 (3d Cir. 2000) (emphasizing that "[t]he oral pronouncement of sentence in the defendant's presence is . . . of special importance . . . [and] prevails over the written judgment."). Here, the oral pronouncement imposed "a term" of supervised release and

5

did not distinguish between the two cases before the court. Therefore, the district court committed a plain error in imposing two sentences of imprisonment. Accordingly, we will reverse and remand the case for resentencing.

## III.

For the reasons expressed above, we will vacate the sentence imposed and remand for resentencing.