141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Respondent-Appellee,
v.
Lynn A. HOLMES, Petitioner-Appellant.
 No. 97-35404.
D.C. Nos. CV-96-06114-REJ, CR-93-60024-1-REJ.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Robert E. Jones, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lynn A. Holmes appeals the district court's denial of his motion under 28 U.S.C. § 2255 challenging his conviction and sentence for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 2255. We affirm Holmes's conviction and sentence for possession of a firearm, and reverse his conviction for possession of ammunition.
 
 
 3
 * The Possession of Ammunition Conviction
 
 
 4
 Holmes contends that his conviction for possession of ammunition is invalid because his civil rights were restored by operation of law when he was paroled on his underlying Oregon felony conviction, and the law did not prohibit his possession of ammunition. See United States v. Miller, 105 F.3d 552, 554 (9th Cir.), cert. denied, 118 S.Ct. 106 (1997) (holding same). The government correctly concedes this issue. Accordingly, we reverse Holmes's conviction for possession of ammunition. Because reversal of the possession of ammunition conviction has no effect on Holmes's sentence, resentencing is not required.
 
 II
 The Possession of a Firearm Conviction
 
 5
 Holmes contends that his trial attorney provided per se ineffective assistance of counsel in defending against the possession of a firearm charge by conceding that Holmes possessed the ammunition removed from his pocket during the book-in procedure. Alternatively, Holmes contends that the concession constituted ineffective counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both contentions lack merit.
 
 
 6
 Counsel made a reasonable tactical decision to concede what was "plainly obvious" in order to gain credibility and highlight the government's burden of proving the firearm charge. See United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991) (recognizing that "in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt to one of several charges"). Furthermore, the concession involved a disputed factual issue on a different charge--possession of ammunition. Cf. Swanson, 943 F.2d at 1073 (providing that counsel provides per se ineffective assistance of counsel by conceding all factual issues in dispute); see also Strickland, 466 U.S. at 697 (stating that failure to show deficient performance is fatal to ineffective assistance of counsel claim). Accordingly, Holmes fails to establish that trial counsel provided ineffective assistance of counsel under either standard.
 
 
 7
 Holmes also contends that the district court failed to instruct the jury that the government must prove the interstate commerce element of 18 U.S.C. § 922(g)(1) beyond a reasonable doubt. This contention is belied by the record.
 
 
 8
 Holmes finally contends that the district court abused its discretion in denying his motion without conducting an evidentiary hearing because evidence outside the record is necessary to prove the allegations contained in his affidavit. This contention lacks merit because the allegations, if proved, would not entitle Holmes to the relief he seeks. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994).
 
 
 9
 AFFIRMED in part; REMANDED FOR THE LIMITED PURPOSE OF EXPUNGING FROM THE JUDGMENT THE WORDS "AND AMMUNITION."
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3