**Jewell Lamont ALLEN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. Civ. 00–40079.
No. Crim. 97–50021–03.

United States District Court,
E.D. Michigan,
Southern Division.

June 21, 2000.

Jewell Allen, Bradford, PA, pro se.

### OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

GADOLA, District Judge.

Presently before the Court is petitioner Jewell Lamont Allen's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed February 22, 2000. The instant motion is based upon petitioner's claim that he received ineffective assistance of counsel in violation of the Sixth Amendment prior to his Rule 11 plea agreement. In addition, petitioner argues that his conviction and sentence for being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g) must be set aside in light of *Hampton v. United States*, 191 F.3d 695 (6th Cir.1999). The government responded to petitioner's motion on May 26, 2000.

For the reasons set forth below, the Court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

### I. PROCEDURAL HISTORY

On April 9, 1998, the government filed a second superseding indictment charging petitioner Allen with the following offenses: Count One, conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1); Count Thirteen, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); Count Fourteen, being a felon in possession of firearms in violation of 18 U.S.C. § 922(g), and Count Fifteen, possession of a firearm with obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(b). On August 6, 1998, petitioner pleaded guilty pursuant to a Rule 11 plea agreement. On March 2, 1999, sentencing was adjourned and the Court allowed the substitution of Attorney Cyril C. Hall in place of Attorney William D. Hunt-er for petitioner. Petitioner was then sentenced on June 11, 1999. On December 10, 1999, petitioner Allen moved successfully to unseal the Rule 11 plea agreement and the record of his plea. The present motion to vacate sentence pursuant to 28 U.S.C. § 2255 was filed shortly thereafter on February 22, 2000.

### II. LEGAL STANDARD

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255 which provides, in pertinent part, that

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. As reflected in the quoted language of the statute, a prisoner may attack his or her sentence only if the sentence was unconstitutional, imposed by a court without jurisdiction, was in excess of the statutory maximum, or "is otherwise subject to collateral attack." *Id.*

### III. ANALYSIS

Petitioner first attacks his sentence based on a claim of ineffective assistance of counsel. Petitioner's claim is based upon two grounds: (1) that his prior counsel prevented him from fully cooperating with the government as required by the Rule 11 plea agreement and (2) that prior counsel failed to challenge and allowed petitioner to plead guilty to Count 14, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), or, in the alternative, that his conviction and sentence with respect to Count 14 must be set aside due to the recent Sixth Circuit decision in

*Hampton v. United States,* 191 F.3d 695 (6th Cir.1999). Each of these two separate grounds for relief is discussed below *seriatim.*

In order to succeed on a claim of ineffective assistance of counsel, petitioner must demonstrate: (1) that counsel's performance was deficient *and* (2) that counsel's performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Kimmelman v. Morrison,* 477 U.S. 365, 374–75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052. A "strong presumption" exists that counsel afforded defendant reasonable professional assistance. *Id.* at 689, 104 S.Ct. 2052. The petitioner must show that there is a reasonable probability that *but for* counsel's unprofessional errors the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052 (emphasis added).

**A. Petitioner's claim that prior counsel prevented him from fully cooperating with the Government as required under the Rule 11 plea agreement.**

Petitioner contends that his attorney, William D. Hunter, instructed him repeatedly not to speak with government officials · unless counsel was present and that, if he did, counsel would withdraw from his case and petitioner would be prey to murder charges and a life sentence. Petitioner attended a meeting, held after the Rule 11 plea agreement was signed, where government officials requested information in order to determine whether or not to use petitioner as a witness in another trial. Counsel was not present at this meeting, and petitioner maintains that he was unsure of whether or not he should give information, and asked legal questions directed at government counsel regarding his charges. Petitioner contends that, as a result, the government officials viewed him as uncooperative and decided not to use him as a witness. Petitioner asserts that this led to a lesser reduction of sentence for substantial assistance then he otherwise would have received.

Attorney William D. Hunter, who represented petitioner during the Rule 11 plea negotiations and remained his counsel until just prior to sentencing, states that he emphasized to petitioner the need to be candid with government officials. Mr. Hunter maintains that he was unable to be at the meeting in question due to a scheduling conflict but that he met with petitioner shortly before the meeting to prepare him. Counsel maintains that petitioner assured him that he would willingly speak with the government attorneys despite counsel's absence, and that counsel was surprised when he was apprised by the government's attorney that petitioner had been uncooperative.

The government argues that petitioner was given the opportunity to cooperate and declined the offer of a cell phone with which to call his attorney. The government argues that petitioner said nothing about being prevented from cooperating during sentencing, and commented only that he and the government's attorney "didn't click." The government further contends that it reserved the sole right to determine whether or not petitioner cooperated, and emphasizes the importance of being able to choose freely which witnesses to use in a trial. The government further argues that it was only with great hesitation that any motion for downward departure was made, and if petitioner is allowed to second guess the extent of any such downward departure, negative policy implications would result.

In order to demonstrate ineffective assistance of counsel, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Taking as true petitioner's version of events, i.e. that counsel may have on previous occasions warned him not to speak with government attorneys and that counsel was not present at the debriefing meeting, counsel's assistance nevertheless was *not* deficient under *Strickland.* Petitioner had already pleaded guilty at the time of his meeting with government officials. His guilt or innocence was no longer at issue. Counsel's presence at the debriefing was not required because petitioner had already agreed to the following condition in the Rule 11 Plea Agreement filed August 28, 1998: "Defendant promises to provide truthful and complete information to the United States Attorney's office ... including a full debriefing and truthful testimony at all proceedings...." Plea Agreement, p. 6, attached as Exh. 3 to Govt's Answer.

In *Schneider v. United States,* 838 F.Supp. 709 (E.D.N.Y.1993), this same situation arose. In that case, defendant Schneider claimed, *inter alia,* that his counsel was ineffective for failure to accompany him to debriefing sessions with government officials. The defendant had previously entered into a written plea agreement with the government. The court rejected the defendant's claim of ineffective assistance, reasoning as follows:

> Schneider claims that his counsel was ineffective because he failed to accompany him to debriefing sessions with government officials. As a consequence of this failure, petitioner admits that he was less than forthcoming when responding to the government's inquiries. Schneider now claims that if his attorney was present, he could have assured Schneider that he would not open himself up to other criminal charges by responding forthrightly to the government's questions. It is clear from the record before the Court, that Schneider attended more than one debriefing session. If indeed, petitioner's lack of candidness was a result of his misun-

derstanding of the what the criminal consequences of his cooperation would be, he could have rectified the situation by conferring with his attorney after the initial meeting. Nothing in the record indicates that petitioner was foreclosed from taking this course of action. Accordingly, *this Court finds that the mere fact that petitioner's attorney was not present at the cooperation meetings, does not render the representation he provided petitioner ineffective in the constitutional sense.*

*Id.* at 715 (emphasis added). Just as in *Schneider,* petitioner Allen herein was not afforded ineffective assistance of counsel due to counsel's failure to accompany him to the debriefing meeting. If petitioner was truly confused about the nature of his cooperation, he easily could have rectified the situation by speaking with his attorney either before, after, or even during the meeting through the use of a telephone made available to him by the Government's attorney.

Additionally, under *Strickland,* petitioner must show not only that counsel was deficient but that there is a reasonable probability that "but for" that deficiency, the outcome would have been different. Petitioner's level of cooperation with the government may have affected their recommendation, but this Court in any event was not required to follow that recommendation. At sentencing, the government recommended a sentence of 264 months, 28 months below the guideline range of 292 to 365 months. At sentencing the Court stated as follows: "... in effect the Government is asking me to depart downward about five and a half years below the sentence which I would have imposed, too much in my estimation, too much." (Sentencing Transcript, attached as Exh. 8 to Govt's Answer and Brief, p. 33, lines 4–6). Petitioner was then sentenced to a term of 280 months. A change in recommendation, which *may* have been forthcoming *if* petitioner had provided greater assistance, would most likely *not* have changed the

outcome of sentencing. Petitioner thus has failed to meet the prejudice prong under *Strickland.*

### B. Petitioner's claim that counsel was ineffective for failing to challenge and allowing petitioner to plead guilty to Count 14, or, in the alternative, that his conviction and sentence must be set aside pursuant to *Hampton v. United States,* 191 F.3d 695 (6th Cir.1999).

Petitioner next argues that his counsel was ineffective for not challenging and for allowing petitioner to plead guilty to Count 14. Petitioner contends, based on *Hampton v. United States,* 191 F.3d 695 (6th Cir.1999), that the State of Michigan fully restored his civil rights upon his discharge from probation from his prior offense, and therefore the government lacked the "crime punishable by imprisonment for one year" element required for the 18 U.S.C. § 922(g) conviction.

The government maintains that *Hampton* is inapplicable in the case at bar. According to the government, petitioner's prior offense qualifies under the "unless" clause of 18 U.S.C. § 921(a)(20) as a "crime punishable by imprisonment for one year" subject to § 922(g). The government argues that Michigan law restricts former felons from possessing firearms for a period of *five years* if the prior offense involved cocaine possession, even after the restoration of civil rights, and, since the time had not run, petitioner's conviction and sentence were proper. The definition section, 18 U.S.C. § 921, dealing with firearms states as follows:

> What constitutes a conviction of such a crime shall be determined in accordance with the *law of the jurisdiction in which the proceedings were held.* Any conviction ... for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such pardon, expungement or restoration of civil rights expressly provides that the*

*person may not ship, transport, possess, or receive firearms.*

18 U.S.C. § 921(a)(20) (emphasis added).

Petitioner correctly states that a felon's civil rights are restored once all terms of imprisonment and probation are met. However, Michigan law continues to restrict firearm possession *even after* a person's civil rights are restored. A person convicted of any felony is barred from possessing a firearm for 3 years, while a person convicted of a "specified felony" is prohibited from possessing a firearm for 5 years. *See* M.C.L. § 750.224f. After five years, a person convicted of a specified felony may have firearm rights restored under M.C.L. § 750.224f(2)(b). A "specified felony" includes unlawful possession of cocaine. *See* M.C.L. § 750.224f(6)(ii).

In *Hampton,* the defendant's predicate offense for his Section 922(g) conviction was a *1986* state conviction for attempted carrying of a concealed weapon. *See* 191 F.3d at 697. For the 1986 conviction, defendant Hampton was "sentenced to one year of probation for the predicate offense and was discharged from such probation on May 8, 1987." *Id.* The "unless" clause of Section 921 was *not* triggered in that case because more than five years had elapsed between the time defendant's civil rights had been restored and his *new* offense for which he was indicted in 1994.

■ In the present case, by contrast, petitioner was convicted of cocaine possession in 1990 and was on probation until *December 16, 1992.* Count 14 arose from petitioner's possession of a firearm on *May 22, 1997,* well inside of the five year prohibition set by Michigan law. Since petitioner was correctly charged with Count 14, being a felon in possession of a firearm, his claim that counsel was ineffective by failing to challenge and by allowing petitioner to plead guilty to said Count cannot stand. Petitioner thus cannot be considered prejudiced as a result of his conviction and sentence relating to Count 14.

## ORDER

NOW, THEREFORE, IT IS HEREBY **ORDERED** that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

**SO ORDERED.**