**UNITED STATES of America, Plaintiff,**

v.

**Audie Denver WHEELER, Defendant.**

**No. CRIM. 00–50032–01.**

United States District Court, E.D. Michigan, Southern Division.

Sept. 19, 2000.

Mark C. Jones, U.S. Attorney's Office, Flint, MI, for Plaintiff.

David S. Steingold, David S. Steingold Assoc., Detroit, MI, for Defendant.

***ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS FIVE, SIX, AND SEVEN OF THE THIRD SUPERSEDING INDICTMENT AND ORDER TO SHOW CAUSE***

GADOLA, District Judge.

Before this Court is Defendant Audie D. Wheeler's Motion to Dismiss Counts Five, Six, Seven, and Eight of the [Third] Superseding Indictment with Prejudice. For reasons set forth below, this Court denies Defendant's motion as to Counts Five, Six, and Seven, and orders the Government to show cause as to why Count Eight should not be dismissed.

### Factual and Procedural Background

In 1991, Defendant was convicted in the Genesee County Circuit Court of larceny from a motor vehicle. (*See* Def. Mot. at 2,

¶ 3; Def. Br. at 2.) In 1995 he was convicted of possession of cocaine and receiving and concealing stolen property valued over $100. (*See* Def. Mot. at 2, ¶ 3; Def. Br. at 2.) Each of these crimes is punishable for a term of imprisonment exceeding one year under Michigan law. (*See* Def. Mot. at 2, ¶ 3; Def. Br. at 2.) Defendant's last term of parole was completed on July 1, 1999. (*See* Def. Mot. at 2, ¶ 3; Def. Br. at 2.)

On August 23, 2000, the Government filed a Third Superseding Indictment[1] charging Defendant with: conspiracy to distribute controlled substances (cocaine and marijuana) in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count Two); being a felon in possession of firearms in violation of 18 U.S.C. § 922(g) (Counts Three, Five, Six, Seven); being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g) (Count Eight).

## Discussion

Counts Five, Six, Seven, and Eight charge Defendant with being a felon in possession of firearms or ammunition in violation of 18 U.S.C. § 922(g). Section 922(g) states, in part, that,

It shall be unlawful for any person ... who has been convicted in any court of, *a crime punishable by imprisonment for a term exceeding one year* ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any *firearm or ammunition;* or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (emphasis added). Section 921, which defines the phrase "crime punishable by imprisonment for a term exceeding one year" provides, in part, that,

What constitutes a conviction of [a "crime punishable by imprisonment for a

term exceeding one year"] shall be determined in accordance with *the law of the jurisdiction in which the proceedings were held.* Any conviction which has been expunged, or set aside or for which a person has been pardoned *or has had civil rights restored* shall not be considered a conviction for purposes of this chapter, *unless* such pardon, expungement, or *restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

18 U.S.C. § 921(a)(20) (emphasis added).

Section 750.224f of the Michigan Compiled Laws, provides, in part, that,

(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a *firearm* in this state *until the expiration of 3 years after all of the following circumstances exist:*

(a) The person has paid all fines imposed for the violation.

(b) The person has served all terms of imprisonment imposed for the violation.

(c) *The person has successfully completed all conditions of probation or parole imposed for the violation.*

(2) A person convicted of a *specified felony* shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a *firearm* in this state *until all of the following circumstances exist:*

(a) The *expiration of 5 years after all of the following circumstances exist:*

(i) The person has paid all fines imposed for the violation.

(ii) The person has served all terms of imprisonment imposed for the violation.

(iii) *The person has successfully completed all conditions of probation or parole imposed for the violation.*

(b) The person's right to possess, use, transport, sell, purchase, carry, ship, re-

---

**1.** The original Indictment was filed on May 24, 2000; the [First] Superseding Indictment was filed on June 7, 2000; and the Second Superseding Indictment was filed on June 21, 2000.

ceive, or distribute a firearm has been restored pursuant to [M.C.L. § 28.424].[2]

\*    \*    \*    \*    \*    \*

(5) As used in this section, "felony" means a violation of a law of this state, or of another state, or of the United States that is punishable by imprisonment for 4 years or more, or an attempt to violate such a law.

(6) As used in subsection (2), "specified felony" means a felony in which 1 or more of the following circumstances exist:

(i) An element of that felony is the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

(ii) *An element of that felony is the unlawful* manufacture, *possession,* importation, exportation, distribution, or dispensing *of a controlled substance.*

(iii) An element of that felony is the unlawful possession or distribution of a firearm.

(iv) An element of that felony is the unlawful use of an explosive.

(v) The felony is burglary of an occupied dwelling, or breaking and entering an occupied dwelling, or arson.

M.C.L. § 750.224f (emphasis added).

In a rather cursory argument, Defendant contends that pursuant to *Hampton v. United States,* 191 F.3d 695 (6th Cir. 1999), his civil rights had been restored under Michigan law prior to the dates of the offenses charged in Counts Five, Six, Seven, and Eight, and, therefore, the Government cannot establish all of the essential elements necessary to sustain a conviction under Section 922(g). Defendant argues that the State of Michigan fully restored his civil rights upon the completion of parole for his prior state offenses, and

therefore the Government lacked the "crime punishable by imprisonment for one year" element required for the 18 U.S.C. § 922(g) charges.

In *Hampton,* the defendant's predicate offense for his Section 922(g) conviction was a 1986 state conviction for attempted carrying of a concealed weapon. *See* 191 F.3d at 697. For that 1986 conviction, Hampton was "sentenced to one year of probation for the predicate offense and was discharged from such probation on May 8, 1987." *Id.* The "unless" clause of Section 921 was not triggered in that case because more than five years had elapsed between the time defendant's civil rights had been restored and the new offense for which he was indicted in 1994. *See Allen v. United States,* 106 F.Supp.2d 929, 933 (E.D.Mich.2000) (Gadola, J.).

The Government argues that even a felon whose civil rights have been restored remains subject to Section 922(g) if the state continues to restrict his firearm rights in any way, and, since Michigan law contains significant restrictions which apply to Defendant in this case, he is properly charged under Section 922(g). *See Allen,* 106 F.Supp.2d at 933.

As this Court explained in *Allen,* a felon's civil rights are restored once all terms of imprisonment and probation are met, but Michigan law continues to restrict firearm possession even after a person's civil rights are restored. *See id.* In particular, a person convicted of any felony is barred from possessing a firearm for 3 years, while a person convicted of a "specified felony" is prohibited from possessing a firearm for 5 years. *See id.;* M.C.L. § 750.224f. A "specified felony" includes unlawful possession of cocaine. *See* M.C.L. § 750.224f(6)(ii).

In the instant case, Defendant completed his term of parole on July 1, 1999. The alleged violations of Section 922(g) for fire-

---

**2.** M.C.L. § 28.424 requires a person convicted of a specified felony to apply to the con-

cealed weapons licensing board for restoration of firearm rights.

arm possession occurred on October 8, 1999 (Count Five), January 22, 2000 (Count Six), and April 28, 2000 (Count Seven). These alleged violations were within the 3-year and 5-year minimum prohibitions against firearms possession pursuant to Michigan law and, therefore, were properly charged to Defendant. Therefore, the Court denies Defendant's motion to dismiss Counts Five, Six, and Seven.

While the allegations in Count Eight also occurred within the same 3-year and 5-year time limit, the Michigan statute is silent on the issue of ammunition possession. *See* M.C.L. § 750.224f. "Firearm," as used in the Michigan statute, is defined as "a weapon from which a dangerous projectile may be propelled by an explosive, or by gas or air," M.C.L. § 750.222, which does not include the projectiles, i.e., ammunition, themselves. The Court can find no federal or Michigan case law addressing the prohibition of ammunition possession alone apart from firearm possession.[3] Neither party addressed this issue in their briefs. Therefore, the Court will order the Government to show cause why Count Eight should not be dismissed because what constitutes a conviction of a "crime punishable by imprisonment for a term exceeding one year" for purposes of Section 922(g) in this case is determined in accordance with Michigan law, and because the applicable Michigan law prohibits possession of a firearm but does not expressly prohibit possession of ammunition.

**Conclusion**

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Counts Five, Six, and Seven of the Third Superseding Indictment is **DENIED.**

**IT IS FURTHER ORDERED** that the Government show cause in writing by September 25, 2000 why Count Eight should not be dismissed for the reasons set forth above. Defendant may file a brief in response to the Government's submission no later than September 28, 2000.

**SO ORDERED.**

---

**3.** In *United States v. Green,* 109 F.Supp.2d 688, 690 (E.D.Mich.2000), the Honorable Patrick J. Duggan denied the defendant's motion to dismiss one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g) without addressing the Michigan law's silence on ammunition possession.