**UNITED STATES of America, Plaintiff,**

v.

**Audie Denver WHEELER, Defendant.**

**No. Crim. 00–50032–01.**

United States District Court, E.D. Michigan, Southern Division.

Oct. 10, 2000.

Mark C. Jones, Flint, MI, for plaintiff.

David Steingold, Detroit, MI, for defendant.

### ORDER

GADOLA, District Judge.

On September 19, 2000, this Court ordered the Government to show cause as to why Count Eight should not be dismissed because Michigan law is silent on restoration of a felon's right to possess ammunition. For reasons set forth below, this Court deems the order to show cause satisfied.

**Factual and Procedural Background**

As set forth in this Court's order of September 19, 2000, in 1991, Defendant was convicted in the Genesee County Circuit Court of larceny from a motor vehicle. In 1995 he was convicted of possession of cocaine and receiving and concealing stolen property valued over $100. Each of these crimes is punishable for a term of imprisonment exceeding one year under Michigan law. Defendant's last term of parole was completed on July 1, 1999.

On October 4, 2000, the Government filed the Fifth Superseding Indictment[1] charging Defendant with: conspiracy to distribute controlled substances (cocaine and marijuana) in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count Two); being a felon in possession of firearms in violation of 18 U.S.C. § 922(g) (Counts Three, Five, Six, Seven); being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g) (Count Eight); and witness tampering in violation of 18 U.S.C. § 1512(b) (Count Nine).

On September 19, 2000, this Court denied Defendant's motion to dismiss Counts Five, Six, and Seven and ordered the Government to show cause as to why Count Eight should not be dismissed. In particular, this Court ordered the Government to show cause,

> why Count Eight should not be dismissed because what constitutes a conviction of a "crime punishable by imprisonment for a term exceeding one year" for purposes of Section 922(g) in this case is determined in accordance with Michigan law, and because the applicable Michigan law prohibits possession of a firearm but does not expressly prohibit possession of ammunition.

(Order at 7 (Sept. 19, 2000).) The Government filed its Answer to Order to Show

---

**1.** The original Indictment was filed on May 24, 2000; the [First] Superseding Indictment was filed on June 7, 2000; the Second Superseding Indictment was filed on June 21, 2000; the Third Superseding Indictment was filed on August 23, 2000; and the Fourth Superseding Indictment was filed on September 20, 2000.

Cause on September 22, 2000. Defendant has not responded to the Government's submission, and the time permitted by the Court to do so has elapsed.

**Discussion**

**1. Applicable Statutes**

Count Eight charges Defendant with being a felon in possession of ammunition in violation of Title 18, United States Code, Section 922(g). Section 922(g) states, in part, that,

> It shall be unlawful for any person ... who has been convicted in any court of, *a crime punishable by imprisonment for a term exceeding one year* ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any *firearm or ammunition;* or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (emphasis added). Section 921, which defines the phrase "crime punishable by imprisonment for a term exceeding one year" provides, in part, that,

> What constitutes a conviction of [a "crime punishable by imprisonment for a term exceeding one year"] shall be determined in accordance with *the law of the jurisdiction in which the proceedings were held.* Any conviction which has been expunged, or set aside or for which a person has been pardoned *or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless* such pardon, expungement, or *restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

18 U.S.C. § 921(a)(20) (emphasis added).

Section 750.224f of the Michigan Compiled Laws, provides, in part, that,

> (1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a *firearm* in this state *until the expiration of 3 years after all of the following circumstances exist:*
>
> (a) The person has paid all fines imposed for the violation.
>
> (b) The person has served all terms of imprisonment imposed for the violation.
>
> (c) *The person has successfully completed all conditions of probation or parole imposed for the violation.*
>
> (2) A person convicted of a *specified felony* shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a *firearm* in this state *until all of the following circumstances exist:*
>
> (a) The *expiration of 5 years after all of the following circumstances exist:*
>
> (i) The person has paid all fines imposed for the violation.
>
> (ii) The person has served all terms of imprisonment imposed for the violation.
>
> (iii) *The person has successfully completed all conditions of probation or parole imposed for the violation.*
>
> (b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to [M.C.L. § 28.424].[2]
>
> \*   \*   \*   \*   \*   \*
>
> (5) As used in this section, "felony" means a violation of a law of this state, or of another state, or of the United States that is punishable by imprisonment for 4 years or more, or an attempt to violate such a law.
>
> (6) As used in subsection (2), "specified felony" means a felony in which 1 or more of the following circumstances exist:
>
> (i) An element of that felony is the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that

---

**2.** M.C.L. § 28.424 requires a person convicted of a specified felony to apply to the concealed weapons licensing board for restoration of firearm rights.

physical force against the person or property of another may be used in the course of committing the offense.

(ii) *An element of that felony is the unlawful* manufacture, *possession,* importation, exportation, distribution, or dispensing *of a controlled substance.*

(iii) An element of that felony is the unlawful possession or distribution of a firearm.

(iv) An element of that felony is the unlawful use of an explosive.

(v) The felony is burglary of an occupied dwelling, or breaking and entering an occupied dwelling, or arson.

M.C.L. § 750.224f (emphasis added).

## 2. Analysis

■ The question before the Court is whether Defendant can be properly charged under section 922(g) when Michigan law, which defines the predicate crime for the federal charge, does not prohibit possession of ammunition. In the instant case, as mentioned above, Defendant completed his latest term of parole on July 1, 1999, and the alleged ammunition possession in violation of Section 922(g) occurred on May 25, 2000. Hence, the Section 922(g) violation was within Michigan's 3–year and 5–year minimum prohibitions against firearms possession, although the applicable Michigan statute does not expressly prohibit the possession of ammunition. *See* M.C.L. § 750.224f.

■ As the United States Court of Appeals for the Eighth Circuit recognized in *DeRoo v. United States,* 223 F.3d 919 (8th Cir.2000), however, whether state law allows a defendant to possess ammunition is immaterial for purposes of Section 922(g). *See id.* at 925–26. As in *DeRoo,* Defendant here is charged under a federal statute that prohibits possession of firearms and ammunition by a person convicted of a felony under state law. *See* 18 U.S.C. § 922(g). This Court must look to state law to determine only whether Defendant was convicted of a felony, and if so, whether Defendant has had his conviction expunged, set aside, or pardoned, or has had his civil rights restored. *See* 18 U.S.C. § 921(a)(20); *DeRoo,* 223 F.3d at 926; *United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir.1994) (citing *United States v. Driscoll,* 970 F.2d 1472 (6th Cir.1992), *abrogated on other grounds, Hampton v. United States,* 191 F.3d 695 (6th Cir. 1999)).

In particular, Section 921(a)(20) provides that, "[a]ny conviction ... for which a person ... has had civil rights restored shall not be considered a conviction for purposes of [Section 922(g) ], unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." In other words, if the restoration of a felon's civil rights expressly provides that he may not possess firearms, then Section 922(g) prohibits the possession of any firearm or ammunition, assuming the interstate commerce requirement is met. As this Court observed in *Allen v. United States,* 106 F.Supp.2d 929 (E.D.Mich.2000), a felon whose civil rights have been restored remains subject to Section 922(g)'s firearms and ammunition prohibitions if the state continues to restrict his firearm rights in any way. *See id.* at 933.

The Supreme Court tackled a related issue in *Caron v. United States,* 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). In *Caron,* the applicable state statute prohibited a felon from possessing some firearms but not others, just as the applicable Michigan statute here prohibits possessing firearms but not ammunition. The Supreme Court held that if state law restores a felon's civil rights but continues to prohibit the possession of even one kind of firearm, thereby satisfying the "unless" clause in Section 921(a)(20), then Section 922(g) operates to prohibit the possession of all kinds of firearms.

While state law is the source of law for restorations of other civil rights ... it does not follow that state law also controls the unless clause.... [F]ederal

policy still governs the interpretation of the unless clause. We see nothing contradictory in this analysis. Restoration of the right to vote, the right to hold office, and the right to sit on a jury turns on so many complexities and nuances that state law is the most convenient source for definition. As to the possession of weapons, however, the Federal Government has an interest in a single, national, protective policy, broader than required by state law.

524 U.S. at 316, 118 S.Ct. 2007.

Prior to *Caron*, there was a split among some Courts of Appeals on the very issue before this Court. *Compare United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994), *with United States v. Holmes*, No. 97–35404, 1998 WL 121586, *1 (9th Cir. Mar.13, 1998), *and United States v. Miller*, 105 F.3d 552, 554 (9th Cir.1997). After *Caron*, however, the Eight Circuit's opinion in *DeRoo* should state the applicable law for possession of ammunition charges.

In accordance with *Caron* and *DeRoo*, this Court concludes that because the restoration of Defendant's civil rights under Michigan law provided that Defendant may not possess firearms for at least a 3-year period, Section 922(g) prohibited the possession of firearms and ammunition during that time, even though Defendant's other civil rights were restored. Therefore, this Court concludes that Defendant was properly charged in Count Eight with being a felon in possession of ammunition in violation of Section 922(g).

**Conclusion**

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that this Court's September 19, 2000 Order to Show Cause is deemed **SATISFIED.**

**SO ORDERED.**