# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-3110

———————

United States of America,      *
       *
       Plaintiff-Appellee,    *
       *    Appeal from the United States
       v.        *    District Court for the District
       *    of South Dakota.
Ralph Emeron Taken Alive, II,    *
       *
       Defendant-Appellant.    *

———————

Submitted: May 15, 2001
Filed: August 17, 2001

———————

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and BYE, Circuit Judges.

———————

BRIGHT, Circuit Judge.

A jury convicted Ralph Emeron Taken Alive, II of violating 18 U.S.C. § 111, which makes it unlawful to assault, resist, or impede a federal officer engaged in his official duties. Thereafter, the district court sentenced him to a term of imprisonment. Taken Alive appeals his conviction, arguing that the district court abused its discretion in refusing to admit evidence of the federal police officer's character under Fed. R. Evid. 404(a)(2) and 405. Evidence of the police officer's character was crucial to Taken Alive's self-defense case. The exclusion of that evidence prejudiced Taken Alive and, thus, was not harmless error. We reverse and remand.

## I.    BACKGROUND

On the evening of December 16, 1999, Bureau of Indian Affairs (BIA) Officer Yellow responded to a report of an altercation at a bar in McLaughlin, South Dakota, which is on the Standing Rock Sioux Indian Reservation. When he arrived at the bar, Officer Yellow learned that Taken Alive was intoxicated, had been in an argument with other bar patrons, and had just left the bar. After a brief search, Officer Yellow saw Taken Alive walking on a nearby street. Officer Yellow stopped Taken Alive and, after a brief conversation, arrested him "for detox" (sic) and directed Taken Alive to take a seat in the police car.

Officer Yellow testified that he took Taken Alive to the passenger side, rear door of the patrol car, and that, as he opened the rear door, Taken Alive pulled free, grabbed Officer Yellow by the throat, and pushed him up against the side of the patrol car. Officer Yellow felt he was losing consciousness and so he started punching Taken Alive. Taken Alive released his grip on Officer Yellow's neck but the fighting continued. Taken Alive broke free from Officer Yellow and ran toward his father's house. Officer Yellow chased Taken Alive and caught up to him on the porch of Taken Alive's father's house. After a brief struggle, Officer Yellow handcuffed Taken Alive and took him into custody.

Taken Alive testified to a different version of the events surrounding his arrest. Taken Alive testified that after Officer Yellow arrested him, Officer Yellow grabbed his arm and twisted it behind his back, even though Taken Alive offered no resistance. Then, as Taken Alive was getting into the patrol car, Officer Yellow slammed the car door on his head, and Taken Alive fell to the ground. Officer Yellow started hitting him with some unknown object and Taken Alive tried to defend himself. Taken Alive also tried to flee; he pulled Officer Yellow's jacket over the Officer's head and then ran toward his father's house. Officer Yellow caught Taken Alive at the house, knocked

Taken Alive to the ground, and hit him with a baton.  Then Officer Yellow handcuffed Taken Alive.

On May 19, 2000, the district court granted Taken Alive's motion in limine to exclude 404(b) evidence of Taken Alive's four prior incidents involving the assault of law enforcement officers.  The district court ruled that the government failed to notify Taken Alive as required by Rule 404(b)[1].  Four days later, the government made a motion in limine to exclude hearsay testimony about Officer Yellow's use of excessive force.  Taken Alive objected and the district court reserved ruling until trial.

At trial, Taken Alive argued that he acted in self-defense.  As part of his defense, Taken Alive tried to present character evidence about Officer Yellow's aggressive and violent tendencies under Fed. R. Evid. 404(a)(2) and 405(a).  Defense counsel stated that Taken Alive and two other witnesses, Faith Taken Alive and Ron Martel, knew of Officer Yellow's reputation in the community for being overly aggressive, quarrelsome, and violent and would testify as to that reputation.   The district court rejected defense counsel's proposed proof and excluded the evidence under Fed. R. Evid. 403, finding it highly prejudicial.  The district court reasoned that it would be unfair and misleading to allow the jury to think that Taken Alive had never been violent toward law enforcement officers while at the same time indicating that Officer Yellow is a violent

---

[1]Fed. R. Evid. 404(b) provides:

**(b) Other Crimes, Wrongs, or Acts.**—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

person. The district court, nonetheless, granted Taken Alive a self-defense jury instruction.

The jury found Taken Alive guilty of assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. § 111. The district court sentenced Taken Alive to thirty-three months imprisonment, a one-year term of supervised release, and a special assessment of $100. Taken Alive timely appealed.

## II.  DISCUSSION

The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction of this appeal under 28 U.S.C. § 1291. "We review the evidentiary rulings of a district court only for abuses of discretion, and will reverse only when an improper evidentiary ruling affects the substantial rights of the defendant or when we believe that the error has had more than a slight influence on the verdict." United States v. Ballew, 40 F.3d 936, 941 (8th Cir. 1994) (citation omitted); see also Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 716 (8th Cir. 2001).

Taken Alive argues that the district court should have admitted the character evidence concerning Officer Yellow's reputation for aggression and violence. Taken Alive offered two witnesses who would testify about Officer Yellow's reputation for aggression and violence. Initially, the court rejected the tender of aggressive character evidence against the officer, stating:

> Well, I'm also going to exclude it under Rule 403. Even though it may be relevant, I think it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. I have previously ruled, although it is not a final ruling, but I have ruled on a motion in limine that the government is not going to be going into these other assaults by the defendant. He clearly has a terrible record of violence toward police

officers, I know that. The jury doesn't, but I know that. And it would be an unfair picture and very misleading to allow the jury to think that this defendant has never been a violent person toward law enforcement officers, which is not true, and then to indicate that the sergeant is a violent person. And, again, we would be wasting time getting into all these mini trials. Then the government is going to be calling witnesses to testify that, no, the officer is not violent, he doesn't have anything on his record and this is going to wind up as a trial of the officer instead of a trial of whether or not the defendant impeded or assaulted a federal officer, or whether he acted in self-defense.

So, for the moment, at least, I'm not going to allow the character evidence to be admitted. Now, if you wish to make an offer of proof at some point, you probably want to do that, and we can do that after the jury leaves or something of that nature.

Trial Tr. at 97-98.

Thereafter, during the trial, Taken Alive made an offer of proof that two witnesses would testify as to Officer Yellow's aggressiveness, quarrelsomeness, and violence in the performance of his duties as an officer. The district court rejected this offer of proof, stating:

Okay. And those offers of proof will both be rejected. That type of evidence would normally be admitted under 404(a)(2), particularly where personally the defendant had some knowledge of this reputation. However, in this case in view of what has transpired with regard to the Court keeping out any evidence as to the previous record of the defendant, at least four other instances in which he's been involved in assaulting police officers in connection with either being arrested or in custody, it would be unfair to the government. And for all those reasons which I've previously stated the evidence will not be admitted because of Rule 403.

Trial Tr. at 378-79.

The district court excluded this evidence, in essence, for being "unfair" to the government, particularly since the government had been banned from proving Taken Alive's prior assaults on police. Taken Alive's claim relies on the character evidence regarding Officer Yellow's reputation for aggression and violence to support Taken Alive's testimony that he acted in self-defense. When a defendant raises a self-defense claim, reputation evidence of the victim's violent character is relevant to show the victim as the proposed aggressor. United States v. Burks, 470 F.2d 432, 434 (D.C. Cir. 1972). A victim's use of unlawful force may justify the defendant's reciprocal use of force. United States v. Keiser, 57 F.3d 847, 854 (9th Cir. 1995). Because there were no eyewitnesses to the initial confrontation between Taken Alive and Officer Yellow, the reputation-character evidence relating to Officer Yellow becomes very important and material to prove Taken Alive's self-defense claim.[2]

Relevant character evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. However, evidence is not unfairly prejudicial merely because it hurts a party's case. See Cummings v. Malone, 995 F.2d 817, 824 (8th Cir. 1993) (determining that evidence is unfairly prejudicial when it would influence a jury to decide a case on an improper basis). In this case, the district court determined that because it had previously granted Taken Alive's motion in limine to exclude Taken Alive's prior assaults on law enforcement officers, that it was now necessary to exclude the proffered character evidence regarding Officer Yellow's reputation for aggressiveness and violence. The district court reasoned that to permit such evidence would be "unfair" to the government. Rule 403, however, is concerned with "unfair prejudice";

---

[2]The government observes that admission of the character evidence against Officer Yellow could have opened the door to the previously excluded 404(b) evidence against the defendant. That may well have occurred and represents a risk to the defendant. That possibility, however, does not erode the right of the defendant to introduce helpful evidence in his case.

that is, evidence that has an "undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Rule 403, Adv. Comm. Notes. In this case, there's the rub. There is a difference between evidence that is unfair in that it hurts a party's case and evidence that is unfairly prejudicial. The district court erred in its evaluation of the evidentiary rules.

## III. CONCLUSION

The district court's evidentiary ruling affected Taken Alive's substantial rights in presenting his self-defense case. Therefore, the district court prejudicially erred in excluding Taken Alive's proposed adverse character evidence against Officer Yellow. We reverse the conviction and remand for a new trial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.