*658 BRIGHT, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority that sufficient evidence supports the convictions and that the district court did not err in imposing supervised release conditions. I also agree that the district court did not err in excluding from evidence the tribal resolutions and memorandum to Senator John Thune. But I disagree that the district court did not err in excluding evidence of Officer Mousseau’s reputation.
The government claims that Drapeau could have introduced other witnesses who would “testify regarding their knowledge of Officer Mousseau’s reputation in the community for aggression or violence.” Indeed, Drapeau attempted to call such witnesses, but the district court refused to allow these witnesses to testify. The record reflects that he attempted to do so not once, but twice.
Before trial, Drapeau moved in limine to admit the tribal resolutions and memorandum to Senator Thune. During the pretrial discussion of this motion, the government asserted that only Drapeau should be permitted to testify about Officer Mousseau’s reputation. The government stated that it “[did] not believe that anybody else can take the stand and say that [Officer Mousseau] had a reputation in the community for having a violent nature.” Trial Tr. 14. Drapeau responded that he “had the chairman of the Winnebago Tribe, John Black Hawk, ready to come up here and testify as to the problems that they had with him there, in general, his character traits which led him to ... be forced out of that community.” Trial Tr. 16-17. The district court stated that it would view “the information from others about Officer Mousseau ... very skeptically.” Trial Tr. 18.
Drapeau then asked the district court to clarify its ruling on whether witnesses could testify as to Officer Mousseau’s reputation. Drapeau stated,
I do have a question regarding the character of the — the alleged victim in this case with respect to the witnesses that take the stand ... in terms of what was — “Please describe for me his reputation in the community as an officer, pertaining to the way that he conducted business.” I think that’s admissible, and I would ask for a ruling on that particular issue.
Trial Tr. 21. The government responded:
As it relates to these other witnesses, I don’t care if they are my witnesses or the defense witnesses; their knowledge of [Officer Mousseau’s] reputation in the community is irrelevant. The only person whose knowledge is relevant is the defendant’s.
And I cite to [United States v. Bordeaux, 570 F.3d 1041 (8th Cir.2009) ].... That case specifically indicates that the only person’s knowledge — you know, he — he can’t claim a reputation gave him a right to defend himself if he wasn’t aware of that reputation.”
Trial. Tr. 22. The district court then ruled,
Right. The Bordeaux case is instructive. And, [prosecutor], the Court agrees with you: As to the reputation of Officer Mousseau for anything other than truthfulness in his community, his reputation as a police officer, the only— given that self-defense appears to be the defense, the only person who — whose knowledge is pertinent on that subject and on Officer Mousseau and his reputation is Mr. Drapeau’s. So no other witness is going to be giving that sort of testimony.
Trial Tr. 22-23.
After the government finished its casein-chief, Drapeau again attempted to have *659 other witnesses testify as to Officer Mousseau’s reputation. Drapeau subpoenaed a number of people who would testify about Officer Mousseau’s character traits, including brutality, violence, and harassment. Trial Tr. 117. The government responded to Drapeau’s argument, “[U]nder Bordeaux, I think that’s inadmissible. The only person whose knowledge is relevant is the defendant’s.” Trial Tr. 120. The district court agreed with the government, stating “[T]he Court does view the evidence that way, as I said this morning.” Id.
This was error.
Federal Rule of Evidence 404(a)(2) provides that evidence of a person’s character is not admissible for proving action in conformity therewith except:
In a criminal case ... evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor.
Fed.R.Evid. 404(a)(2). Under this Rule, the district court should have permitted Drapeau to call his reputation witnesses.
This court has previously held that a defendant may introduce testimony from other witnesses as to the victim’s alleged reputation in the community. For example, in United States v. Taken Alive, the government charged Taken Alive with assaulting a police officer. 262 F.3d 711, 711 (8th Cir.2001). Taken Alive sought to introduce testimony from two witnesses addressing the officer’s “aggressiveness, quarrelsomeness, and violence in the performance of his duties as an officer.” Id. at 714. The district court prohibited the witnesses from testifying. Id. We reversed the district court, holding that “[w]hen a defendant raises a self-defense claim, reputation evidence of the victim’s violent character is relevant to show the victim as the proposed aggressor.” Id. We explained that “[a] victim’s use of unlawful force may justify the defendant’s reciprocal use of force.” Id. (citing United States v. Keiser, 57 F.3d 847, 854 (9th Cir.1995)).
Moreover, the district court erred in its reliance on Bordeaux. There, this court held that the defendant was entitled to introduce reputation or opinion testimony pertinent to his self-defense claim. Bordeaux, 570 F.3d at 1050. In that assault case, we held that “the district court properly permitted a number of defense witnesses to testify regarding [the victim’s] reputation[] for violence.” Id. Accordingly, Bordeaux does not stand for what the district court believed — that Drapeau could not call witnesses to testify as to Officer Mousseau’s reputation.
Here, the district court reasoned that the evidence was inadmissible because Drapeau did not establish that he knew of Officer Mousseau’s reputation at the time of the assault. But such knowledge is not required. As explained in the Federal Rules of Evidence Manual, § 404.02[2], at 404-10 (9th ed. 2006):
[Rule 404(a)(2) ] permits the accused to introduce evidence of a pertinent character trait of the victim of a crime. The most common example is in a self-defense case. Under the Rule, the defendant is permitted to introduce evidence of the victim’s character for aggressiveness (subject to the limitations on form provided by Rule 405), to create the inference that the victim acted in accordance with that character trait on the occasion in question. Admissibility is not dependent on the defendant’s prior awareness of the victim’s character trait; *660 the evidence is admissible to show how the victim acted.
See also Keiser, 57 F.3d at 855 (reviewing federal cases and concluding that “[t]hese cases suggest a common understanding in the federal courts that ‘personal knowledge’ of the victim’s propensity for violence is simply not a prerequisite for admission of victim character evidence under Rule 404(a)(2)”); United States v. Burks, 470 F.2d 432, 437 (D.C.Cir.1972) (“[E]vidence of the deceased’s violent character is relevant and admissible even though unknown to the defendant.”). The district court erred in requiring that Drapeau establish his knowledge of Officer Mousseau’s reputation and in prohibiting other witnesses from testifying as such.
Although Drapeau objected on several occasions to the district court’s ruling, he did not specifically raise this issue on appeal. But this failure does not necessarily preclude review of the district court’s error. See Silber v. United States, 370 U.S. 717, 718, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962) (reviewing an issue decided by the district court, even though it was not raised on appeal). As we have explained, this court “can examine a critical issue affecting substantial rights sua sponte in criminal cases under Federal Rule of Criminal Procedure 52(b).” DeRoo v. United States, 223 F.3d 919, 926 (8th Cir.2000). Rule 52(b) provides that, “[a] plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.” Fed.R.Crim.P. 52(b). Of course, “[tjhis power to review issues not raised by the parties must be exercised only with great caution and its use is restricted ‘to avoid a miscarriage of justice.’ ” United States v. Brown, 508 F.2d 427, 430 (8th Cir.1974) (quoting Johnson v. United States, 362 F.2d 43, 46 (8th Cir.1966)). The nature of this case and affect of the district court’s error merit attention.
Drapeau’s substantial rights were undoubtedly affected by the district court’s erroneous decision to deny him his right to present a defense. This case boiled down to whether Officer Mousseau acted as the aggressor in this incident and whether Drapeau reasonably defended himself and others against the officer’s unlawful force. As explained, when a defendant puts forth a self-defense theory, “reputation evidence of the victim’s violent character is relevant to show the victim as the proposed aggressor” and the “victim’s use of unlawful force may justify the defendant’s reciprocal use of force.” See Taken Alive, 262 F.3d at 714. Drapeau had a fundamental right to present a defense, see United States v. Turning Bear, 357 F.3d 730, 733 (8th Cir.2004), and the district court denied him of this right by excluding all evidence of Officer Mousseau’s reputation for aggression, unlawfulness, and excessive force which should have been admitted under Fed.R.Evid. 404(a)(2).
After considering the clearly established law and the blatant error, I believe that failing to correct this error would result in a miscarriage of justice. Accordingly, I would reverse and remand for a new trial at which the district court should permit Drapeau to introduce testimony of Officer Mousseau’s reputation in the community.
Finally, I conclude by expressing my extreme disbelief in the treatment Drapeau and his family members received at the hands of Officer Mousseau. His actions were deplorable, beyond reproach and should not be tolerated. Although the law should not permit Drapeau to cause Officer Mousseau physical harm, neither should it entrust Officer Mousseau with the responsibility of safeguarding the well- *661 being of the people living on Indian reservations in South Dakota.