# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1188

_____

| | | |
|---|---|---|
| Aaron M. DeRoo, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of North Dakota. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:   February 15, 2000

Filed:   August 31, 2000

_____

Before BEAM and JOHN R. GIBSON, Circuit Judges, and PRATT,[1] District Judge.

_____

PRATT, District Judge.

Aaron Matthew DeRoo pleaded guilty to a one count indictment for possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1), and was sentenced to 210 months imprisonment with 3 years of supervised release and a $50 special assessment. DeRoo filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on ineffective assistance of counsel.

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Citing to the plea agreement in which DeRoo stated that he waived all rights to contest the conviction or sentence in any post-conviction proceeding pursuant to section 2255, the District Court summarily denied the motion. DeRoo appeals. We affirm in result only, vacate his sentence on other grounds, and remand for resentencing.

I.

On May 2, 1995, while executing a search warrant at DeRoo's residence, officers discovered ammunition belonging to DeRoo, including 34 rounds of 12 and 20-gauge shotgun ammunition, 15 rounds of 7.62 x 39 mm ammunition, 14 rounds of 9 mm ammunition, and 3 rounds of .22 caliber short ammunition. A federal grand jury indicted DeRoo on one count of possession of ammunition by a convicted felon, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). An arrest warrant was issued and a detainer filed with the county correctional facility where DeRoo was being held on state charges.

DeRoo was detained on the federal charges, and at his arraignment and detention hearing he entered a plea of not guilty and was detained pending trial. On the day his trial was to begin, DeRoo changed his plea to guilty pursuant to a Rule 11(e)(1)(B) plea agreement. The plea agreement states that DeRoo waives any right to appeal the judgment and sentence under 18 U.S.C. § 3742(a), and that he waives all rights to contest the conviction or sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255. The plea agreement cites to United States v. His Law, 85 F.3d 379 (8th Cir. 1996) (per curiam), as upholding the enforceability of such a waiver. The plea agreement also states, "defendant understands any appeal or other post-conviction relief that he might

-2-

seek should be summarily dismissed by the court in which it is filed." The District Court conducted a thorough colloquy, including questions to determine that DeRoo was satisfied with his attorney, and specifically reminded DeRoo that he was waiving his rights to appeal. Thereafter, the District Court accepted DeRoo's plea, finding it knowing and voluntary, and with a factual basis.

The District Court sentenced DeRoo to 210 months imprisonment with 3 years of supervised release and a $50 special assessment. His sentence was enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), based on three Minnesota convictions: a 1989 plea of guilty to three counts of third degree burglary, a 1990 plea of guilty to one count of second degree burglary, and a 1992 plea of guilty to two counts of fifth degree controlled substance crimes. DeRoo did not file a direct appeal of the District Court's sentence nor did he appeal the conviction or sentence under 18 U.S.C. § 3742(a). DeRoo did instruct his counsel to appeal the District Court's decision denying a three-level reduction for acceptance of responsibility, but counsel did not file an appeal.

DeRoo obtained new counsel and filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, claiming he had been deprived of his constitutional right to effective assistance of counsel on a number of grounds. DeRoo claimed original counsel's mistakes resulted in ineffective assistance of counsel under the Sixth Amendment to the United States Constitution, affecting the outcome of the plea process. In particular, DeRoo alleged that he waived his right to trial and was sentenced to 210 months in a federal prison as a result of original counsel's ineffective assistance.

In its ruling on the motion, the District Court stated that DeRoo "specifically and

-3-

unequivocally waived <u>all</u> rights to contest his sentence in any post-conviction proceeding." <u>United States v. DeRoo</u>, Nos. A3-98-70/C3-96-39, at 2 (D.N.D. filed Nov. 25, 1998) (order denying section 2255 motion). The District Court further noted that DeRoo agreed as part of the plea agreement that any application for such relief should be summarily dismissed. <u>See id.</u> The District Court then denied the motion, "[i]n light of this knowing and voluntary waiver of the right to contest the sentence in any post-conviction proceeding." <u>Id.</u>

## II.

We granted a certificate of appealability on the single issue of whether DeRoo validly waived his section 2255 right to challenge his conviction and sentence on the grounds of ineffective assistance of counsel resulting from counsel's failure to file a motion to dismiss the indictment. Appellate review is limited to the issues specified in the certificate of appealability. <u>See</u> <u>Richardson v. Bowersox</u>, 188 F.3d 973, 982 (8th Cir. 1999). We review the District Court's decision de novo. <u>See</u> <u>Latorre v. United States</u>, 193 F.3d 1035, 1038 (8th Cir. 1999) (denial of section 2255 motion without evidentiary hearing reviewed de novo and affirmed only if the motion, files, and record conclusively show the movant is not entitled to relief).

There is no question in this circuit that a knowing and voluntary waiver of direct-appeal rights is generally enforceable. <u>See</u> <u>United States v. Goings</u>, 200 F.3d 539, 543 (8th Cir. 2000). We also have enforced a defendant's plea agreement promise to "waive his right to appeal, or challenge via post-conviction writs of habeas corpus or coram nobis, the district court's entry of judgment and imposition of sentence." <u>His Law</u>, 85 F.3d at

-4-

379.  This Court has not had prior occasion to address whether a defendant may waive section 2255 collateral-attack rights in a plea agreement.  See Latorre, 193 F.3d at 1037 n.1.

As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context.  See id. (citing Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999)).  The "chief virtues" of a plea agreement are speed, economy, and finality.  See United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992).  Those virtues are promoted by waivers of collateral appeal rights as much as by waivers of direct appeal rights.  Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government.  See id.

However, such waivers are not absolute.  For example, defendants cannot waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement.  See United States v. Michelsen, 141 F.3d 867, 872 (8th Cir.), cert. denied, 525 U.S. 942 (1998).  In addition, the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary.  See United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999).  DeRoo contends that his plea and waiver were not knowing and voluntary as a result of ineffective assistance of counsel. The government simply argues, without discussing the alleged ineffective assistance of counsel, that because DeRoo's waiver was knowing and voluntary, his promise not to appeal should be strictly enforced and the District Court's summary dismissal of his motion affirmed.  We reject the government's argument.

A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside "the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)); Tollet v. Henderson, 411 U.S. 258, 266-67 (1973). Therefore, "[j]ustice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself–the very product of the alleged ineffectiveness." Jones, 167 F.3d at 1145 (defendant convicted and entered into cooperation agreement before sentencing). We find the reasoning of Jones not only compelling, but logically required. A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel. Other courts agree that a waiver of section 2255 rights does not automatically preclude a defendant from raising ineffective assistance of counsel claims in a post-conviction motion. See United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995) ("dismissal of an appeal based on a waiver in the plea agreement is inappropriate where the defendant's motion to withdraw the plea incorporates a claim that the plea agreement generally and the defendant's waiver of appeal specifically, were tainted by ineffective assistance of counsel"); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993) (stating waiver does not "categorically" foreclose defendant's right to bring motion under section 2255 for ineffective assistance of counsel); see also United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993) (per curiam) (holding waiver did not preclude Rule 32(d) motion challenging validity of waiver due to ineffective assistance of counsel).

In his section 2255 motion, DeRoo argued that counsel's failure to file a motion to dismiss the indictment, among other errors, induced him to plead guilty, and that but for counsel's errors he would have proceeded to trial. Thus, the motion at least facially claims that DeRoo's decision to enter into the plea agreement and waive his appeal rights was not knowing and voluntary as a result of ineffective assistance of counsel. The District Court, therefore, erred when it denied the motion without discussion, citing only to the plea agreement waiver and statement that any application for such relief should be summarily dismissed. Dismissal of a section 2255 motion on the basis of a waiver in the plea agreement is inappropriate when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver. We recognize that there may be other cases in which a section 2255 waiver can be upheld summarily despite claims of ineffective assistance of counsel. See, e.g., United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam) (upholding waiver of appeal rights when claim of ineffective assistance was based on counsel's failure to appeal). In this case, however, DeRoo's claim is not precluded by his waiver. The District Court should have addressed the substance of DeRoo's motion and determined whether the alleged ineffective assistance of counsel made DeRoo's waiver unknowing and involuntary.

Ordinarily we would remand the matter to the District Court for hearing and ruling on the motion. There is no need to remand, however, because the record relating to DeRoo's ineffective assistance of counsel claim is sufficient to permit meaningful review on appeal. See United States v. Johnston, No. 99-3881, 2000 WL 1100168, at * 3 (8th Cir. Aug. 8, 2000); cf. Jones, 167 F.3d at 1145-46 (holding waiver ineffective but finding no need to remand, and affirming denial of section 2255 motion, when defendant did not specify any basis for claim of ineffective assistance).

III.

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To sustain his ineffective assistance of counsel claim, DeRoo must show "his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988) (citing Strickland v. Washington, 466 U.S. 668 (1984)). If the defendant cannot prove prejudice, we need not address whether counsel's performance was deficient. See Apfel, 97 F.3d at 1076. To establish prejudice, DeRoo must prove a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. See Cheek, 858 F.2d at 1336 (citing Strickland, 466 U.S. at 694). DeRoo asserts that but for the failure of counsel to file a motion to dismiss the indictment, there is a reasonable probability he would not have pleaded guilty and would have proceeded to trial. However, if there is no reasonable probability that the motion would have been successful, DeRoo cannot prove prejudice. Cf. Hill, 474 U.S. at 59 (stating that resolution of the "prejudice" inquiry will depend largely on the likelihood of success if the alleged error were corrected). DeRoo claims a motion to dismiss the indictment would have been successful because his civil rights were restored as to the prior Minnesota felonies, so they could not have served as predicate "convictions" required to find a violation of 18 U.S.C. § 922(g)(1). For the following reasons we disagree.

Under section 922(g)(1), it is unlawful for a person convicted in any court of a crime punishable by more than one year to possess ammunition. What constitutes a conviction for purposes of section 922(g)(1) is determined in accordance with the law of

-8-

the jurisdiction where the proceedings were held, in this case Minnesota. See 18 U.S.C. § 921(a)(20); United States v. Traxel, 914 F.2d 119, 122 (8th Cir. 1990) (stating definition under section 921(a)(20) applies, by its own terms, throughout firearms chapter). A conviction for which a person's civil rights have been restored by the state shall not be considered a conviction, "unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). For a person to have "civil rights restored" under section 921(a)(20), the state must actually restore that person's right to possess firearms. See United States v. Ellis, 949 F.2d 952, 953 (8th Cir. 1991) (interpreting Minnesota statute).

Minnesota's civil rights restoration statute restores a person to "all civil rights and to full citizenship, with full rights to vote and hold office, the same as if such conviction had not taken place." Minn. Stat. § 609.165 subd. 1. However, a firearms limitation provides that "a person who has been convicted of a crime of violence . . . is not entitled to ship, transport, possess, or receive a firearm until ten years have elapsed since the person was restored to civil rights and during that time the person was not convicted of any other crime of violence." Minn. Stat. § 609.165 subd. 1a. In accord with subdivision 1a, DeRoo's Certificate of Discharge and Restoration to Civil Rights issued by the State of Minnesota explicitly notes that he cannot ship, transport, possess or receive a firearm for ten years. Therefore, under the plain language of the "unless clause" of section 921(a)(20), DeRoo's restorations are insufficient to keep his convictions from counting as predicate convictions under section 922(g)(1). See Traxel, 914 F.2d at 123-24 (interpreting Minnesota statute).

DeRoo states that his Certificate of Discharge and Restoration does not specifically prohibit the possession of ammunition. We note that the Minnesota Statute does not

prohibit possession of ammunition either. See Minn. Stat. § 609.165 subd. 1a. However, whether state law allows DeRoo to possess ammunition is immaterial. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994); but see United States v. Miller, 105 F.3d 552, 554 (9th Cir. 1997). DeRoo was convicted under the federal statute, 18 U.S.C. § 922(g)(1), which prohibits possession of firearms and ammunition. Under section 921(a)(20), federal courts consult state law to determine only two issues: whether a defendant has been convicted of a felony and, if so, whether that conviction has been expunged, set aside, or for which the defendant he has been pardoned or had civil rights restored. See Fisher, 38 F.3d at 1147. We determined above that DeRoo's civil rights were not restored pursuant to the unless clause of section 921(a)(20) because the state expressly provided that restoration excluded possession of firearms. Section 921(a)(20) does not also require the state to expressly exclude possession of ammunition. Cf. Caron v. United States, 524 U.S. 308 (1998) (examining scope of section 921(a)(20) unless clause when state restricted possession of handguns only). "While state law is the source of law for restorations of other civil rights . . . it does not follow that state law also controls the unless clause." Id. at 316.

We conclude that even if DeRoo's counsel were deficient in failing to research and file the motion to dismiss the indictment, DeRoo suffered no prejudice because there is no reasonable probability that the motion would have been successful. Because DeRoo's ineffective assistance of counsel claim fails on the merits, we find DeRoo's waiver knowing and voluntary and that his section 2255 motion was correctly denied.

IV.

-10-

We question, sua sponte, whether DeRoo's Minnesota conviction of two counts of fifth degree sale of a controlled substance should have counted as a predicate offense for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Although DeRoo has not raised this issue, appellate courts can examine a critical issue affecting substantial rights sua sponte in criminal cases under Federal Rule of Criminal Procedure 52(b). See United States v. Granados, 168 F.3d 343, 346 (8th Cir. 1999) (per curiam) (applying rule in section 2255 context) (citing Silber v. United States, 370 U.S. 717, 717-18 (1962)). Clearly, substantial rights are affected if DeRoo's prison sentence is longer than it should have been, and, thus, we have authority to review the issue for plain error. See id. In addition, as noted above, DeRoo did not waive his right to challenge an illegal sentence. See Michelsen, 141 F.3d at 872.

Under the Armed Career Criminal Act, if a defendant has three previous convictions for a "violent felony" or a "serious drug offense" as defined in the statute, and he violates section 922(g)(1), his sentence is enhanced; the defendant shall be imprisoned for a minimum of 15 years and fined a maximum of $25,000. See 18 U.S.C. § 924(e)(1). The District Court enhanced DeRoo's sentence under section 924(e)(1) based on his two burglary convictions and his controlled substance conviction. DeRoo's two Minnesota burglary convictions qualify as predicate offenses because burglary is considered a violent felony under the statute. See 18 U.S.C. § 924(e)(2)(B)(ii). However, because his conviction for two counts of fifth degree sale of a controlled substance is not considered a conviction for a serious drug offense under the statute, the District Court improperly enhanced his sentence.

A "serious drug offense" under the statute includes "an offense under State law,

involving . . . distributing, or possessing with intent to . . . distribute, a controlled substance . . . for which a maximum term of imprisonment of <u>ten years or more</u> is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). Under Minnesota law, however, a person convicted of a fifth degree controlled substance crime is subject to imprisonment for not more than five years, unless it is a "subsequent controlled substance conviction" in which case the penalty would include a maximum term of imprisonment of ten years. <u>See</u> Minn. Stat. § 152.025 subd. 3(a), (b). There is no indication in the record that DeRoo had a previous controlled substance conviction. Nor does the record reveal another crime that could serve as the third predicate offense.[2] Therefore, the application of section 924(e)(1) was incorrect, and DeRoo should have been sentenced under section 924(a)(2) (penalty of not more than 10 years imprisonment).

V.

We affirm the judgment of the District Court denying DeRoo's section 2255 motion as modified by this opinion. We vacate DeRoo's sentence and remand for resentencing in accordance with section 924(a)(2).

---

[2]The presentence investigation report reveals that at the same time DeRoo pleaded guilty to the two counts of fifth degree controlled substance crime, he pleaded guilty to possession of a legend drug under Minnesota Statute § 151.37 subdivision 1. However, unauthorized possession of a legend drug cannot be a predicate offense for the application of section 924(e)(1) because it is a misdemeanor in Minnesota. <u>See</u> Minn. Stat. § 151.29.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT