**UNITED STATES of America, Appellee,**

v.

**Mark A. MORGAN, Appellant.**

**No. 99–2798.**

United States Court of Appeals, Eighth Circuit.

March 19, 2001.

John P. Elwood, Washington, DC, for appellant.

Paul S. Becker, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before WOLLMAN, Chief Judge, McMILLIAN, RICHARD S. ARNOLD, BOWMAN, BEAM,[1] LOKEN, HANSEN, MORRIS SHEPPARD ARNOLD, MURPHY, and BYE, Circuit Judges, En Banc.

The petition for rehearing by the panel is denied. The petition for rehearing en banc is also denied. The court notes in denying rehearing en banc that the panel

1. The Honorable C. Arlen Beam assumed senior status on February 1, 2001.

decisions in this case and in *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir. 2000), should not be read as foreclosing the right of an Eighth Circuit hearing panel to exercise its discretion to consider *sua sponte* issues beyond those specified in a certificate of appealability, whether the certificate was issued by a district court or by an administrative panel of this court.

BYE, Circuit Judge, concurring in part and dissenting in part.

After the district court denied Mark Morgan's 28 U.S.C. § 2255 motion, an administrative panel of this court certified two issues for review by a hearing panel. The administrative panel declined to certify a third issue that Morgan raised— whether 18 U.S.C. § 666 is facially unconstitutional. Because our prior cases explained that a hearing panel may not review uncertified issues, *see, e.g., DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir. 2000) ("Appellate review is limited to the issues specified in the certificate of appealability."), the hearing panel properly refused to consider Morgan's facial constitutional challenge. *United States v. Morgan,* 230 F.3d 1067, 1069 (8th Cir.2000) (quoting *DeRoo, supra* ). I joined in the panel opinion because of *DeRoo* 's binding effect.

Today's order explains that *DeRoo* and its predecessors do not prevent a hearing panel from exercising its discretion to consider uncertified issues *sua sponte.* I agree fully with this approach, and I join in so much of the order as explains this principle.

At this juncture, then, we may finally consider Morgan's facial constitutional challenge without procedural impediment. Because that challenge has merit, *see Morgan,* 230 F.3d at 1072–75 (Bye, J., specially concurring), and bears careful consideration by our court, I dissent from the decision to deny rehearing en banc.