# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2635

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Missouri |
| Charles R. Henderson, also known as | * |
| Charles E. Black, also known as | * [UNPUBLISHED] |
| Charles Henderson, | * |
| | * |
| Appellant. | * |

_____

Submitted:  November 6, 2001

Filed:  November 13, 2001

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Charles R. Henderson appeals from the final judgment entered in the District Court[1] for the Western District of Missouri after he pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court sentenced Henderson to 180 months imprisonment and five years supervised release. Counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), arguing that Henderson should have received a

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

lower sentence because he pleaded guilty to being a felon in possession of ammunition, not to being an armed career offender. Henderson has not filed a pro se supplemental brief. For the reasons discussed below, we affirm the judgment of the district court.

To the extent Henderson is arguing that his sentence was too harsh, there is no jurisdictional basis for review. See 18 U.S.C. § 3742(a) (grounds for appeal of sentence by defendant). Moreover, the district court did not plainly err in sentencing him as an armed career criminal, because he did not argue below--nor does he argue on appeal--that he is not an armed career criminal, and his prior burglary and aggravated-assault convictions (for which he received multi-year prison sentences) are qualifying convictions. See id. §§ 922(g)(1) (prohibiting felons from possessing ammunition or firearms), 924(e)(1) (15-year minimum sentence for person who violates § 922(g) and has 3 previous convictions for "violent felony" or serious drug offense), 924(e)(2)(B)(i)-(ii) ("violent felony" means any crime punishable by imprisonment exceeding 1 year that has as element use, attempted use, or threatened use of physical force against person of another, or is burglary); U.S.S.G. § 4B1.4(a) (defendant who is subject to enhanced sentence under § 924(e) is "armed career criminal"); DeRoo v. United States, 223 F.3d 919, 926 (8th Cir. 2000) (reviewing for plain error district court's inclusion of predicate conviction for purposes of Armed Career Criminal Act where inmate did not raise argument below).

We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-