# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1645

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Robert Lee Spencer, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: December 13, 2004
Filed: December 23, 2004

_____

Before WOLLMAN, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Robert Lee Spencer pled guilty to one count of Possession of a Firearm by a Convicted Felon and one count of Possession of Ammunition by a Convicted Felon under 18 U.S.C. § 922(g). Because Spencer had two prior convictions for violent felonies and one prior conviction for a serious drug offense, he was sentenced to the statutory minimum of fifteen years pursuant to 18 U.S.C. § 924 (e). He now appeals the denial of his motion to withdraw his guilty plea, appeals the denial of his motion to suppress, and appeals his sentence. We affirm the district court.[1]

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, presiding.

## Background

After police executed a search warrant on the Defendant's apartment in search of drugs, money, firearms, and gang-related information, Spencer filed a motion to suppress all evidence from the search arguing the warrant was constitutionally infirm for lack of probable cause. The district court, adopting the magistrate judge's[2] recommendation, denied the Defendant's motion to suppress. Defendant then negotiated a plea agreement with the Government that, *inter alia*, waived his right to appeal in exchange for the Government's recommendation of a sentence not exceeding the statutory minimum of fifteen years. Prior to accepting the Defendant's guilty plea, the district court asked the Defendant several questions to verify that he had entered into the plea agreement knowingly and voluntarily, and that he understood the consequences of waiving his rights. Specifically, the district court asked the Defendant if he understood that he would face a minimum fifteen-year sentence as an armed career criminal. The Defendant indicated that he understood and asked to be immediately sentenced. The district court declined and ordered a Pre-Sentence Report.

After entering his guilty plea but prior to sentencing, the Defendant filed a *pro se* motion seeking to withdraw his guilty plea based on ineffective assistance of counsel. The district court appointed new counsel and held an evidentiary hearing to entertain the Defendant's motion. Finding that there was no fair and just reason to allow the Defendant to withdraw his unconditional guilty plea, the district court denied his motion and sentenced the Defendant to fifteen years imprisonment. This appeal followed.

---

[2]The Honorable Susan Richard Nelson, United Sates Magistrate Judge for the District of Minnesota, presiding.

## Analysis

"When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (*en banc*), *cert. denied*, 124 S. Ct. 501 (2003). "Assuming that a waiver has been entered into knowingly and voluntarily, we will still refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Id.* at 891. A purported waiver may not be "knowing and voluntary" when the waiver itself is tainted by ineffective assistance of counsel, *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000), and enforcement of a waiver may result in a "miscarriage of justice" if it prevents a defendant from appealing an illegal sentence, *United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir. 1998).

In the Defendant's plea agreement, he waived his right to pursue his pretrial motion to suppress evidence from the search, his right to appeal his sentence, and his right to post-conviction relief under 28 U.S.C. § 2255. The Defendant did not waive his right to appeal denial of his motion to withdraw his guilty plea. *Andis* instructs that we not review the merits of validly waived issues of appeal. 333 F.3d at 892. Consistent with *Andis,* once we conclude the Defendant's plea agreement containing the waiver was knowing and voluntary, we will not examine the merits of Defendant's issue of appeal regarding denial of his motion to suppress. However, for a waiver of the right to appeal a sentence to be valid, the sentence must comply with the terms of the agreement and otherwise be legal in addition to being knowing and voluntary. *Id.* at 892. Since the Defendant's plea agreement did not waive his right to directly appeal denial of his motion to withdraw his guilty plea, we face no barrier to addressing the merits of this issue of appeal.

## Knowing and Voluntary Waiver

A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice that falls below the range of competence for attorneys in criminal cases. *DeRoo,* 223 F.3d at 924 (citations omitted). An "important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement . . . ." *Andis,* 333 F.3d at 890-91.

The Defendant claims his appointed counsel failed to adequately explain the consequences of entering the guilty plea. The Defendant argues that, had he known that he faced a minimum fifteen-year sentence under the plea agreement, he would not have pled guilty.

Other than vague and unsubstantiated accusations, the Defendant has not produced any evidence showing his counsel was ineffective, that his counsel failed to explain the agreement to him, or that the Defendant did not understand the plea agreement. Even if we were to assume that Defendant's counsel failed to explain the agreement to the Defendant, this error did not prejudice the Defendant because the district court, prior to accepting the Defendant's guilty plea, specifically questioned him to ensure he understood the agreement and the fifteen-year minimum sentence. Accordingly, we find that the Defendant did not suffer ineffective assistance of counsel and, therefore, entered into the plea agreement knowingly and voluntarily.

## Denial of Motion to Suppress

We hold the Defendant knowingly and voluntarily waived his right to appeal the denial of his motion to suppress. Accordingly, we dismiss this issue of the Defendant's appeal without reaching the underlying merits. *Id.* at 892.

## Illegality of Sentence

A "defendant has the right to appeal an illegal sentence, even though there exists an otherwise valid waiver." *Id.* at 891-92. "[T]he illegal sentence exception to general enforceability of an appeal waiver is an extremely narrow exception. Any sentence imposed within the statutory range is not subject to appeal." *Id.* at 892.

Defendant argues that his sentence is illegal because one or more of his three prior convictions did not satisfy the requirements of 18 U.S.C. § 924(e). We disagree. Defendant has a 1968 conviction for Burglary with Intent to Commit Theft, a 1970 conviction for Murder, and a 1999 conviction for Third Degree Possession of Cocaine with Intent to Sell. The first two convictions qualify as a "violent felony" under § 924(e)(2)(B), and the last conviction qualifies as a "serious drug offense" under § 924(e)(2)(A). Because the three prior convictions qualify the Defendant for the fifteen-year minimum sentence under § 924(e), we find that the sentence is within the terms of the plea agreement and is otherwise legal.

Finding the Defendant knowingly and voluntarily waived his right to appeal his sentence, we dismiss this issue of the Defendant's appeal.

## Withdrawal of Guilty Plea

Lastly, the Defendant argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea. The Defendant bears the burden of proving an appropriate basis to support a withdrawal of his guilty plea. *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2). The district court's denial of a motion to withdraw a plea is

reviewed for abuse of discretion. *United States v. Morales*, 120 F.3d 744, 747 (8th Cir. 1997).

According to the Defendant, he suffered ineffective assistance of counsel in the negotiations and entry of his guilty plea, and thus can show a fair and just ground to withdraw his guilty plea. Since we have already held that the Defendant has failed to demonstrate ineffective assistance of counsel, it follows his claim of ineffective assistance of counsel cannot provide a basis of showing a fair and just reason to withdraw his guilty plea. We therefore hold that the district court did not abuse its discretion when it denied the Defendant's motion to withdraw his plea, and affirm the district court's denial of Defendant's motion to withdraw his guilty plea.

The district court is AFFIRMED.

_____