[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14165
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00195-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JABARI HIRD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 6, 2010)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jabari Hird appeals his 410-month sentence imposed for bank robbery,

conspiracy to commit bank robbery, and using a firearm in the course of a robbery. He argues that the sentence is unreasonable because the district court improperly calculated his guideline range on Count Three (brandishing a firearm during a crime of violence) by imposing a 410-month concurrent sentence on that count instead of the statutory mandatory minimum sentence of 84 months. He also argues that the district court erred by failing to grant him a downward departure of one level in his criminal history category, under the United States Sentencing Guidelines § 4A1.3(b) (Nov. 2008), from level VI to level V, because many of his prior offenses were minor driver's license violations. After review, we conclude that Hird's sentence was based on a procedural error and must be vacated and remanded for resentencing.

## I.

We review sentencing decisions for abuse of discretion, using a two-step process. United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First, we ensure the district court committed no significant procedural error, such as improperly calculating the Guidelines range. Id. (citing Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). If the sentence is procedurally sound, we then review the substantive reasonableness of the sentence, taking into account "the totality of the circumstances, including 'the extent of any variance from the

2

Guidelines range.'"  Id. (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597).

Under § 2K2.4(b) of the Guidelines Manual, applying to convictions under 18 U.S.C. § 924(c), "the guideline sentence is the minimum term of imprisonment required by statute."  However, if the defendant is sentenced as a career offender under § 4B1.1, the guideline range is determined under that section.[1]  U.S.S.G. § 2K2.4(c).

In this case, the district court appropriately sentenced Hird as a career offender, and therefore properly looked to § 4B1.1 to determine Hird's guideline range.  The district court plainly erred, however, by determining Hird's guideline range under § 4B1.1(b), rather than § 4B1.1(c), which applies to career offenders convicted of violating § 924(c).  The Guidelines Manual provides that "[i]f the defendant (1) was convicted of violating section 924(c) . . . ; and (2) as a result of that conviction (alone or in addition to another offense of conviction), is

---

[1]Although it does not impact this appeal, we note that the district court improperly applied a five-level enhancement for brandishing a firearm in calculating Hird's offense level for the armed robbery.  The Guidelines Manual specifically states that where a defendant is also sentenced under § 924(c), the sentencing court should not apply any specific offense characteristic for use of a firearm.  See U.S.S.G. Manual § 2K2.4 cmt. n.4 ("If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense."); see also United States v. Brown, 332 F.3d 1341, 1345 (11th Cir. 2003); United States v. Diaz, 248 F.3d 1065, 1106–07 (11th Cir. 2001). Hird's adjusted offense level for the armed robbery offense therefore should have been 24, not 29.  This error had no impact on his ultimate sentence, however, because of Hird's status as a career offender.

3

determined to be a career offender under § 4B1.1 (Career Offender), the guideline

sentence shall be determined under § 4B1.1(c)." U.S.S.G. § 2K2.4(c). Section

4B1.1(c), in turn, provides:

> If the defendant is convicted of 18 U.S.C. § 924(c) . . . , and the
> defendant is determined to be a career offender under subsection (a),
> the applicable guideline range shall be determined as follows:
>
> (1) If the only count of conviction is 18 U.S.C. § 924(c) . . . , the
> applicable guideline range shall be determined using the table in
> subsection (c)(3).
>
> (2) In the case of multiple counts of conviction in which at least one
> of the counts is a conviction other than a conviction for 18 U.S.C. §
> 924(c) . . . , the guideline range shall be the greater of—
>
> (A) the guideline range that results by adding the mandatory minimum
> consecutive penalty required by the 18 U.S.C. § 924(c) . . . count(s) to
> the minimum and the maximum of the otherwise applicable guideline
> range determined for the count(s) of conviction other than the 18
> U.S.C. § 924(c) . . . count(s); and
>
> (B) the guideline range determined using the table in subsection
> (c)(3).

For purposes of subsection (c)(2)(A), the "otherwise applicable guideline range" is

calculated differently depending on whether the counts of conviction, other than

the § 924(c) count, qualify the defendant as a career offender. See U.S.S.G.

§ 4B1.1 cmt. n.3(C). If they do, the "otherwise applicable guideline range" is the

4

range for those counts determined using § 4B1.1(a) and (b);[2] if they do not, then the "otherwise applicable guideline range" is the range determined by applying the offense level derived from Chapters Two and Three for those counts in combination with the appropriate criminal history category. See id.

Hird's conviction involved multiple counts. Therefore, the district court should have determined his guideline range using the steps outlined in § 4B1.1(c)(2). Specifically, the district court should have calculated the range for the one of Hird's two other offenses carrying the greatest statutory maximum sentence. See U.S.S.G. § 4B1.1 cmts. 2 and 3(C)(ii). Here, the armed robbery offense carries a 25-year statutory maximum, which under the § 4B1.1(b) table yields an offense level of 34. He received a two-level adjustment for acceptance of responsibility, so his offense level is adjusted to 32, which caries a guideline range of 210 to 262 months. The statutory minimum of 84 months for the § 924(c) violation[3] is then added to the upper and lower end of this range, which yields a total range of 294 to 346 months. See U.S.S.G. § 4B1.1(c)(2)(A).

The district court was required to compare the 294 to 346 month range with

---

[2] The Guidelines Manual instructs that the "otherwise applicable guideline range" is determined based on "the count(s) of conviction other than the 18 U.S.C. § 924(c) . . . count(s)." U.S.S.G. § 4B1.1 cmt. n.3(C). Thus, the guidelines make clear that the statutory maximum for the § 924(c) count cannot be used to determine the offense level using the 4B1.1(b) table.

[3] The statutory minimum for Hird's § 924(c) conviction is 84 months because Hird brandished the firearm. See 18 U.S.C. § 924(c)(1)(A)(ii).

the range for the § 924(c) offense as described in § 4B1.1(c)(3).  See U.S.S.G. § 4B1.1(c)(2) and (c)(2)(B).  Because Hird received a two-level adjustment for acceptance of responsibility, the range under this calculation is 292 to 365 months imprisonment.  See § 4B1.1(c)(3).  After calculating the two ranges under § 4B1.1(c)(2)(A) and (B), the range applicable to Hird "shall be the greater of" the two, which is described in the commentary as "the guideline range with the highest minimum term of imprisonment."  U.S.S.G. § 4B1.1 cmt. 3(B).  Because the highest minimum term of imprisonment is the range calculated under § 4B1.1(c)(2)(A), Hird's properly calculated guideline range should have been 294 to 346 months imprisonment.  The example provided in the commentary further supports this method for calculating Hird's guideline range.  See U.S.S.G. § 4B1.1 cmt. 3(E).

The district court thus failed to properly calculate Hird's guideline range under § 4B1.1(c).  The result was the determination that Hird's guideline range was 376 to 449, substantially in excess of the properly calculated guideline range of 294 to 346 months.  This error renders the district court's sentence procedurally unreasonable, and therefore an abuse of discretion.  See United States v. Bonilla, 579 F.3d 1233, 1245 (11th Cir. 2009) (explaining that a "sentence may be procedurally unreasonable and therefore an abuse of discretion if the court

6

commits a significant procedural error such as failing to consider the Guidelines or miscalculating the Guideline range").

II.

In his brief on appeal, Hird argued that the district incorrectly applied the guidelines to his multiple counts of conviction. Specifically, he alleges that the guidelines clearly require the district court to base the appropriate guideline range for the offense conduct on the counts other than the conviction for the § 924(c) conviction. To lower and upper ends of this range, he argues, the court should then have added 84 months to reflect the mandatory minimum sentence for the § 924(c) conviction. We agree with Hird that it is abundantly clear that the district court committed a procedural error by incorrectly applying the guidelines to the § 924(c) offense.[4] The problem for Hird, however, is that he raises this issue for the first time on appeal.

Litigants are generally required to raise an error below in order to preserve it. Puckett v. United States, ---U.S.----, 129 S. Ct. 1423, 1428 (2009). We are greatly limited in our ability to correct errors in judicial proceedings that have not been raised below. Id. However, this rule is not without exception. Silber v.

---

[4]Like the district court, however, Hird also misinterprets the clear language of the guidelines, and thus comes to the wrong conclusion about what his proper guidelines range should have been. However, it is clear that he has properly identified the nature of the error the court made.

7

United States, 370 U.S. 717, 717–18, 82 S. Ct. 1287, 1288 (1962). Reviewing courts do have "'the power to notice a "plain error" though it is not assigned or specified.'" Id. (quoting United Bhd. of Carpenters v. United States, 330 U.S. 395, 412, 67 S. Ct. 775, 784 (1947)). Plain errors may be considered, in the discretion of the appellate court, even though they have not been raised below by the parties. Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); see also United States v. Olano, 507 U.S. 725, 735, 113 S. Ct. 1770, 1778 (1993) (noting that the rule is permissive, not mandatory). This rule gives this Court "limited power to correct errors that were forfeited because not timely raised in district court." Olano, 507 U.S. at 731, 113 S. Ct. at 1776.

We may reverse a sentence on the basis of an error not objected to if the error is 1) plain, and 2) affects substantial rights. United States v. Antonietti, 86 F.3d 206, 208–09 (11th Cir. 1996). Our discretion to use Rule 52(b) should be limited to instances where a miscarriage of justice would result were we not to act, and where the district court's error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 736, 113 S. Ct. at 1779 (internal quotation marks omitted).

The error here is plain, as the district court clearly miscalculated the

advisory guideline range applicable to Hird's offenses. The error affected Hird's substantial rights because the improperly calculated guideline range of 376 to 449 months is considerably higher than the correct range of 294 to 346 months. While the district court would have had discretion to impose a reasonable upward departure or variation, here the court expressed the understanding that it was giving Hird a mid-guideline range sentence. Our review of the record leaves us with no reason to doubt that it was the court's intention to sentence Hird within the properly calculated guideline range. We will not assume that the district court would have imposed a 410-month sentence even if the guidelines had been properly calculated. "Clearly, substantial rights are affected if [the defendant's] sentence is longer than it should have been . . . ." DeRoo v. United States, 223 F.3d 919, 926 (8th Cir. 2000); see also United States v. John, 597 F.3d 263, 284–85 (5th Cir. 2010) ("A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence." (alteration in original) (quotation marks and citation omitted)).

Hird's sentence is VACATED and REMANDED for resentencing consistent with this opinion.

9