# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2964

_____

United States of America

*Plaintiff - Appellee*

v.

Randy Benton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 12, 2014
Filed: May 27, 2014
[Unpublished]

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Randy Benton appeals his sentence for aiding and abetting the possession with intent to distribute crack cocaine. He argues that the district court[1] erred in rejecting

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

his request for a mitigating role reduction and that his sentence is substantively unreasonable. We affirm.

On August 7, 2012 Leontai McCaskill and Brian Vandolah left Chicago to travel to Cedar Rapids, Iowa. They planned to visit family and friends, and also to sell approximately seven ounces of crack cocaine that had been provided to McCaskill for sale. Appellant Randy Benton, who lived in Cedar Rapids, had communicated with McCaskill prior to his trip and was aware that he was bringing drugs. Benton met McCaskill and Vandolah after they arrived and assisted them in finding a place to stay. A text sent by Benton indicates that he spent some time at the hotel room with McCaskill and Vandolah after their arrival. McCaskill and Vandolah later packaged the crack cocaine into smaller quantities known as "eight balls" because the bags contained approximately one eighth of an ounce, or 3.5 grams.

On the morning of August 8 McCaskill and Vandolah changed hotels and checked into Room 316 of the Super 8 Motel. They then spent time with Benton and another man, Darius Wroten. After the four men visited a friend that morning, Benton went home and later met up with the others at the hotel. McCaskill then gave Benton two small eight ball bags of crack cocaine to sell, for each of which he was to pay McCaskill. Wroten received the same amount. Benton and Wroten were told that they could receive more after selling these initial amounts. Although McCaskill had seven ounces of crack cocaine, he told Benton and Wroten that he only had two ounces due to his concern about potential theft.

Later the same day law enforcement came to the Super 8 Motel to investigate a "possible odor of marijuana" which the officers determined was coming from Room 316. Wroten opened the door before the officers could knock. McCaskill, Vandolah, and Benton were also in the room at the time. McCaskill told the officers that the room was in his name and that they had been smoking marijuana, but he did not consent to a search of the room. The police then obtained and executed a search

-2-

warrant to find 189.26 grams of crack cocaine including 5.69 grams in Benton's shoe. They also found marijuana, plastic sandwich bags, razor blades, a digital scale, and plastic bags with corners missing.

After being charged with aiding and abetting the possession with intent to distribute at least 28 grams of cocaine base, Benton pled guilty to the lesser included offense of aiding and abetting the possession with intent to distribute crack cocaine. He was sentenced on August 19, 2013 to 60 months imprisonment. Benton now appeals his sentence.

Benton first argues that the district court erred by rejecting his request for a minimal or minor role reduction under U.S.S.G. § 3B1.2. This is a question of fact, and our review is for clear error. United States v. Johnson, 408 F.3d 535, 538 (8th Cir. 2005). We find clear error if we are left "with the definite and firm conviction that a mistake has been committed." United States v. Lalley, 257 F.3d 751, 758 (8th Cir. 2001) (internal quotation marks omitted) (citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). According to the United States Sentencing Guidelines, defendants who are among the least culpable in a group are eligible for minimal role reductions, U.S.S.G. § 3B1.2 cmt. 4, and defendants who are less culpable, although their role is not minimal, are eligible for minor role reductions, U.S.S.G. § 3B1.2 cmt. 5. Even a defendant who is less culpable may however not receive a role reduction if he or she were "deeply involved" in the offense. United States v. Denton, 434 F.3d 1104, 1115 (8th Cir. 2006). A defendant bears the burden of showing he or she is entitled to a mitigating role adjustment. Id. at 1114.

The district court found by a preponderance of the evidence that a mitigating role reduction was not supported by the record, finding that Benton was not "substantially less culpable." We conclude that Benton has not shown that the court clearly erred in making this determination. Benton asserts that the time he spent with the other defendants was limited and that he had not assisted in buying the bagging

materials or in rebagging the drugs. After reviewing the record, we conclude that Benton was not the least culpable involved and was in fact "deeply involved" in the offense. Unlike Wroten, Benton communicated with McCaskill prior to his trip and met McCaskill and Vandolah when they arrived in Cedar Rapids, assisting them in finding a place to stay. Benton was aware of the plan to sell the crack cocaine and had agreed to participate. A defendant who has "knowledge of the scope and structure of the conspiracy and observed the activities of others in the conspiracy" is not a minimal participant. Denton, 434 F.3d at 1115. Moreover, Benton was deeply involved because he had agreed to sell the drugs. See United States v. Cubillos, 474 F.3d 1114, 1120 (8th Cir. 2007) (defendant who distributed methamphetamine, "the intended object of the conspiracy," was deeply involved).

In reviewing sentences we must first determine whether the district court made any procedural error. Gall v. United States, 552 U.S. 38, 51 (2007). Although neither party raises an issue of procedural error, we note that in discussing Benton's history and characteristics the district court referred to his lack of earnings over the past ten years, speculating that Benton might have been selling drugs to afford his admitted substance abuse habits. We recently found that basing a sentence on a conclusion not supported by the record was plain error. United States v. Stokes, 2014 WL 1673132, --- F.3d --- (8th Cir. Apr. 29, 2014), at *3–*4. While we do not find such plain error here, see DeRoo v. United States, 223 F.3d 919, 926 (8th Cir. 2000) (court may raise sua sponte issue affecting substantial rights, such as a longer prison sentence), we caution courts to limit 3553(a) evaluations to facts in the record.

Benton argues that his 60 month sentence was substantively unreasonable. We review for abuse of discretion, considering the totality of the circumstances, and may presume that a sentence within the guideline range is reasonable. Gall, 552 U.S. at 51. The guideline range here was calculated at 57 to 71 months. The government noted at sentencing that Wroten pleaded first and received a 60 month mandatory minimum prior to the Supreme Court's holding in Alleyne v. United States, 133 S.Ct.

2151, 2163 (2013) (fact increasing the mandatory minimum is an element that must be submitted to the jury, not a sentencing factor).

Benton argues that his sentence is substantively unreasonable because he had a minimal criminal history with little prior jail time and did not play a large role in the offense. He asserts that although the district court was concerned by his unscored criminal history, three of his seven unscored offenses were arrests in Cook County, Illinois where it is common to have arrests without later criminal complaints. We note that the district court did not refer to these arrests during the sentencing hearing and was more concerned by Benton's unscored convictions, particularly for attempting to elude law enforcement and interfering with official acts. The court also noted Benton's two unscored convictions for public intoxication.

In imposing this guideline sentence the court considered the factors of 18 U.S.C. § 3553(a) and specifically stated that a sentence above the 57 month bottom of the range was "indicated by a complete analysis of the factors to avoid unwarranted sentencing disparities, to recognize that the drug quantity was above the bottom of a 26, to recognize [Benton's] unscored criminal history, and to recognize the nature of his prior convictions." We do not find that the court abused its discretion here.

Based on our review of the record we do not find that the district court clearly erred in denying Benton a mitigating role reduction or that Benton's sentence was substantively unreasonable. Accordingly, we affirm.

_____