# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2178

_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Floyd

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: April 15, 2019
Filed: July 25, 2019

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

LOKEN, Circuit Judge.

Marcus Floyd pleaded guilty in March 2014 to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). As relevant here, Paragraph 7 of the Plea Agreement provided that Floyd:

> knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

a. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

b. the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

d. the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on Ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver.

At sentencing, the district court[1] determined that Floyd's advisory guidelines sentencing range was 151 to 188 months in prison. Varying downwards, the court imposed a 140-month sentence. Floyd did not appeal the conviction or sentence.

In February 2015, Floyd filed a *pro se* motion to vacate the sentence under 28 U.S.C. § 2255, alleging, *inter alia*, ineffective assistance of counsel when his attorney failed to appeal the original judgment as Floyd directed. Floyd's trial counsel passed away before a scheduled evidentiary hearing on this claim. In February 2018, the district court concluded that an evidentiary hearing without counsel present "would waste judicial resources," granted the § 2255 motion on the ground that trial counsel "failed to file a notice of appeal as directed," and ordered that Floyd "be resentenced so as to allow him the opportunity to file a timely notice of appeal."

At the May 2018 resentencing, the district court noted that, "when a defendant has been unconstitutionally deprived of an appellate review due to defense counsel's failure to file an appeal, the prescribed remedy is for the court to vacate the

---

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

defendant's sentence and then reimpose it, allowing him to appeal the new sentence." See United States v. Prado, 204 F.3d 843, 845 (8th Cir. 2000). Accordingly, the district court declined to consider new objections to the initial Presentence Investigation Report, denied Floyd's request for *de novo* resentencing, and reimposed the original 140-month sentence, concluding it was appropriate in light of the 18 U.S.C. § 3553(a) factors considered at the original sentencing hearing. Floyd appeals, arguing the district court abused its discretion by denying his request for *de novo* resentencing. We conclude that Floyd's appeal waivers control this issue and dismiss the appeal.

"As a general rule, a defendant is allowed to waive appellate rights," United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc), which includes the right to waive "section 2255 collateral-attack rights." DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). When reviewing a claim of appeal waiver, "we must confirm that the [issue raised on] appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice." Andis, 333 F.3d at 889-90; see United States v. Fonseca, 790 F.3d 852, 853-54 (8th Cir. 2015).

In this case, Floyd waived the right to directly appeal but "reserve[d] the right to appeal from a sentence which exceeds the statutory maximum," and he waived the right to collaterally attack the conviction and sentence "except for claims based on Ineffective assistance of counsel *which challenge the validity of the guilty plea or this waiver*." Plea Agreement par. 7 (emphasis added). This limited ineffective assistance exception reflected our decision in DeRoo and other cases:

> A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence demanded of attorneys in criminal cases. . . .

> A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel.

223 F.3d at 923-24 (citations and quotation omitted), cited in Andis, 333 F.3d at 890. Absent a broader exception, the merits of other ineffective assistance arguments were within the scope of Floyd's § 2255 waiver. See United States v. Jemison, 237 F.3d 911, 916 & n.8 (7th Cir. 2001).

In the district court and on appeal, Floyd did not contend that his Plea Agreement or the Paragraph 7 appeal waivers were not knowing and voluntary. Thus, his claim that trial counsel provided ineffective assistance by failing to file a notice of appeal fell squarely within the terms of his knowing and voluntary § 2255 appeal waiver. There is no finding that "counsel's deficient performance deprive[d Floyd] of an appeal he otherwise would have taken." Garza v. Idaho, 139 S. Ct. 738, 747 (2019) (quotation omitted). Any appeal from the district court's failure to conduct *de novo* resentencing is precluded by his § 2255 appeal waiver. And there can be no claim that enforcing this waiver against the *de novo* resentencing claim will result in a miscarriage of justice: the direct appeal that counsel failed to file would have been squarely precluded by Floyd's direct appeal waiver, which reserved only the right to appeal from a sentence which exceeded the statutory maximum. For these reasons, the Paragraph 7 appeal waivers foreclose this appeal.

In responding to the government's appeal waiver argument on appeal, Floyd argued a different ineffective assistance theory -- "his attorney failed to object to application of the [Guidelines] career-offender enhancement at sentencing." But the § 2255 appeal waiver forecloses this argument as well. This claim does not allege ineffective assistance that challenges "the validity of the guilty plea or this waiver." And a claim of ineffective assistance alleging that counsel failed to challenge a

-4-

guidelines enhancement is foreclosed by Paragraph 7. See Andis, 333 F.3d at 892 (allegation that sentencing judge misapplied the Guidelines is subject to a valid appeal waiver if the resulting sentence did not exceed the statutory maximum for the offense of conviction).

Accordingly, we dismiss the appeal. See Andis, 333 F.3d at 894.

_____